**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 5, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-60826
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

L. B. SMITH, III,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 3:02-CR-1-4-LN
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

L. B. Smith, III, appeals from his convictions for conspiracy to distribute, and attempted possession with the intent to distribute, approximately 11.5 kilograms of cocaine hydrochloride, in violation of 18 U.S.C. § 2, and 21 U.S.C. §§ 841(a)(1) & 846. The Government has filed an unopposed motion to file record excerpts out-of-time. The Government's motion is GRANTED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Smith argues that 1) the evidence was insufficient to support his convictions, 2) the district court erred in admitting case agent Ryan Spradlin's testimony attributing a cell phone to Smith at the time of his arrest, and 3) the prosecutor improperly referred to Smith, and testified as an unsworn witness, when cross-examining co-defendant Travis Burks in connection with Burks's guilty plea.

We have reviewed the record and the briefs submitted by the parties and hold that the evidence presented at Smith's jury trial was sufficient to support his convictions. See United States v. Izydore, 167 F.3d 213, 219 (5th Cir. 1999); United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998); United States v. Casilla, 20 F.3d 600, 602 (5th Cir. 1994). Evidence adduced at trial indicated that Smith accompanied his co-defendant to the site of the drug deal, possessed and used a cell phone to communicate with individuals and locations involved in the drug trafficking, was referred to as a "partner" in the drug trafficking, possessed a loaded 9 millimeter handgun at the scene of the drug deal, and remained at the scene of the drug deal after it was clear that drugs were present. This evidence is sufficient to maintain Smith's conviction. See United States v. Gamez-Gonzalez, 319 F.3d 695, 698 (5th Cir. 2003); United States v. Dean, 59 F.3d 1479, 1486 (5th Cir. 1995).

Spradlin's challenged statement, regarding Smith's possession of a cell phone, was cumulative to testimony

previously introduced at trial.  Accordingly, any error resulting from its admission was harmless.  See United States v. Edwards, 303 F.3d 606, 623 (5th Cir.), cert. denied, 537 U.S. 1192 (2002).  Smith's remaining argument, concerning the prosecutor's alleged improper cross-examination of co-defendant Burks, fails to survive plain-error review.  See United States v. Olano, 507 U.S. 725, 732 (1993); United States v. Lankford, 196 F.3d 563, 574 (5th Cir. 1999).

AFFIRMED.