# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2013

Lyle W. Cayce
Clerk

No. 12-50968
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PARIS LAMAR HUNTER,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:12-CR-134-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Paris Lamar Hunter appeals the sentence imposed following his conviction for possession of a firearm by a convicted felon. Hunter argues that the district court erred by assessing the four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B), which applies where the Government has shown by a preponderance of the evidence that the defendant "[u]sed or possessed any firearm or ammunition in connection with another felony offense" or "possessed or transferred any firearm or ammunition with knowledge, intent, or reason to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

believe that it would be used or possessed in connection with another felony offense." § 2K2.1(b)(6)(B); *see United States v. Anderson*, 559 F.3d 348, 357 (5th Cir. 2009). The application notes provide that § 2K2.1(b)(6)(B) applies "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." § 2K2.1, comment. (n.14(B)(ii)).

Hunter argues that the district court erred in finding that his firearm possession occurred in connection with another felony offense or with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense. The district court's determination regarding the relationship between Hunter's firearm possession and another offense is a factual finding that is reviewed for clear error. *See United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010). "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole." *Id.*

According to the factual basis supporting his guilty plea and the pre-sentence report, which Hunter does not dispute, law enforcement officials seeking to arrest Hunter for unrelated violations discovered that he was possibly staying with his girlfriend, Maryann Ebert, in her apartment. In the course of arresting Hunter at that apartment, officers found 2.5 grams of marijuana, a loaded .25 caliber semi-automatic pistol in a holster that was partially tucked under a sofa cushion, three rocks of crack cocaine that amounted to .3 grams, and digital scales. Ebert admitted the marijuana was hers, but denied using cocaine and denied knowledge of the crack cocaine in her apartment. She indicated, however, that she had friends who occasionally called her in search of crack cocaine and that she would "hook them up" with Hunter. Ebert also indicated that she had seen Hunter in possession of a small gun on several occasions, and her descriptions of that gun matched the gun found in her apartment. Additionally, Hunter's instant offense occurred about three years after he was arrested and convicted in Texas for possession with intent to deliver

a controlled substance, an offense involving Hydrocodone, MDMA, powder and crack cocaine, and a handgun.

A defendant's active involvement in drug distribution reasonably supports the inference that his possession of a loaded firearm was for protection of even a small amount of drugs. *United States v. Condren*, 18 F.3d 1190, 1198–1200 (5th Cir. 1994); *cf. United States v. Jeffries*, 587 F.3d 690, 693–94 (5th Cir. 2009) (holding that "simultaneous possession of a small quantity of drugs and a gun," standing alone, was insufficient to apply the enhancement where there was a "lack of any evidence of current or recent drug distribution or sales of any kind by [the defendant]."). The district court's finding that Hunter's firearm possession occurred in connection with drug trafficking was plausible, based on the record as a whole, such that the proximity of his firearm to drugs and digital scales was sufficient to support the § 2K2.1(b)(6)(B) enhancement. *See* § 2K2.1, comment. (n.14(B)(ii)); *Jeffries*, 587 F.3d at 692-93.

The judgment of the district court is AFFIRMED.