# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 15, 2018

Lyle W. Cayce
Clerk

No. 17-50864
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN GABRIEL ZUBIA, also known as Juan Gavriel Zubia,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:17-CR-118-1

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Juan Gabriel Zubia appeals the sentence imposed following his guilty plea to possession of a firearm by a convicted felon. He argues that the district court clearly erred in applying a four-level U.S.S.G. § 2K2.1(b)(6)(B) enhancement based on a finding that firearms were found in close proximity to drug-manufacturing materials and paraphernalia during a drug trafficking offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50864

For purposes of section 2K2.1(b)(6), a "district court's determination of the relationship between the firearm and another offense is a factual finding" reviewed for clear error. *United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010). Subsection (b)(6)(B)'s four-level enhancement is automatically applicable "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." U.S. SENTENCING GUIDELINES MANUAL § 2K2.1(b)(6)(B) cmt. n.14(B)(ii). "'Drug trafficking offense' means an offense under federal, state, or local law that prohibits . . . the possession of a controlled substance . . . with intent to . . . distribute." *See United States v. Alcantar*, 733 F.3d 143, 147 (5th Cir. 2013) (internal quotation marks and citation omitted).

"A district court may draw reasonable inferences from the facts when determining whether an enhancement applies." *United States v. Juarez*, 626 F.3d 246, 251 (5th Cir. 2010). "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole." *Coleman*, 609 F.3d at 708. A presentence report is generally sufficiently reliable to be considered as evidence by the district court in making factual determinations. *United States v. Nava*, 624 F.3d 226, 231 (5th Cir. 2010).

Overlooking the intervening period between receipt of the tip and his arrest, Zubia argues that the failure of the search of his car to yield methamphetamine means that a drug trafficking crime cannot be inferred and that the presence of drugs is necessary to show evidence of distribution. However, the undisputed presentence report establishes that a confidential informant observed Zubia in a public game room the day prior to his arrest in possession of a quantity of methamphetamine and carrying a gun in his waistband. When stopped by law enforcement the next day based on the tip, Zubia was found in possession of a glass methamphetamine pipe, two guns,

No. 17-50864

and a digital scale—all in the vehicle's center console—with a box of plastic baggies used in the repackaging of narcotics found on the floor board of the back seat.    The plastic baggies, digital scale, and his possession of methamphetamine and a firearm the day prior allowed the district court to reasonably infer that Zubia was engaged in a drug trafficking offense.  *See Alcantar*, 733 F.3d at 144, 146-48; *United States v. Hunter*, 543 F. App'x 374, 375-76 (5th Cir. 2013) (per curiam) (unpublished).

AFFIRMED.