# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 27, 2023

Lyle W. Cayce
Clerk

No. 22-50056

United States of America,

*Plaintiff—Appellee*,

*versus*

Michael James Choulat,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-250-1

Before Higginbotham, Smith, and Engelhardt, *Circuit Judges*.

Jerry E. Smith, *Circuit Judge*:

Michael Choulat pleaded guilty of being a felon in possession of a firearm and received a sentencing enhancement for possessing a gun "in connection with" drug trafficking. He raises two challenges to his sentence. Because the district court correctly applied the Sentencing Guidelines and did not clearly err in its factfinding, we affirm.

I.

A.

Local police pulled Choulat over for driving with an expired license plate in August 2021. Choulat consented to a search of his car, where an

officer discovered (1) a small baggy of marihuana, (2) a metal grinder with marihuana residue in it, (3) a digital scale, and (4) a 9mm handgun. The handgun was found in a zippered bag on the floor behind the driver's seat. A record search revealed that the gun had been stolen a few months earlier.

The officers also searched Choulat's person, where they found another bag of marihuana and a bag of crystal methamphetamine ("meth"). Altogether, the marihuana weighed 0.16 ounces, the meth four grams.

Choulat was forty-one years old and already had a long criminal history (including various drug and domestic-violence charges). One of those convictions was for felony drug possession. The officers were informed of that felony at the scene; they also learned that Choulat had an outstanding parole warrant. They arrested Choulat based on his possessing the firearm as a felon, theft of the handgun, drug possession, and parole warrant.

Choulat was indicted for being a felon in possession of a firearm. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2).[1] He pleaded guilty.

## B.

For a felon-in-possession conviction, the Sentencing Guidelines prescribe a four-level sentencing enhancement if the defendant "possessed any firearm . . . *in connection with* another felony offense." U.S. Sent'g Guidelines Manual § 2K2.1(b)(6)(B) (U.S. Sent'g Comm'n 2021) (emphasis added) [hereinafter "U.S.S.G."]. The key phrase is "in connection with."

Guidelines Application Note 14 clarifies whether a firearm is possessed "in connection with" another crime. Generally, the enhancement applies "if the firearm . . . facilitated, or had the potential of facilitating, another felony offense." *Id.* § 2K2.1 cmt. n.14(A). But, "in the case of a

---

[1] He also has pending state criminal charges arising out of his August 2021 arrest.

drug trafficking offense," a gun is presumed to be related to the drug trafficking offense if it is found "in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." *Id.* § 2K2.1 cmt. n.14(B). That is because the mere "presence of the firearm has the potential of facilitating another felony offense." *Id.*

Said another way, the level of "connection" required for the sentencing enhancement depends on the nature of the other felony. *United States v. Bass*, 996 F.3d 729, 742 (5th Cir. 2021). For most felonies (including basic drug *possession*), the government must show that the firearm facilitated or had the potential of facilitating the other offense. U.S.S.G. § 2K2.1 cmt. n.14(A). But if the other offense is a drug *trafficking* offense, the enhancement "automatically" applies if the firearm was nearby. *United States v. Jeffries*, 587 F.3d 690, 692 (5th Cir. 2009).

Relying implicitly on that framework, the presentence report ("PSR") recommended that the district court apply the § 2K2.1(b)(6)(B) enhancement. Choulat was engaged in drug trafficking—a second "felony offense" under the guidelines.[2] And because his firearm was found in proximity to the drugs and drug paraphernalia, the § 2K2.1(b)(6)(B) enhancement automatically applied according to Application Note 14(B).

The district court adopted the recommendation of the PSR and overruled Choulat's objections. The court sentenced Choulat to the upper end of the Guideline range: 57 months' imprisonment with three years of supervised release. Choulat appeals.

---

[2] Choulat was charged only with the firearm offense, but a separate offense need not be charged in order to support the sentencing enhancement. *See* U.S.S.G. § 2K2.1 cmt. n.14(C).

## II.

The district court's conclusion that Choulat possessed a gun in connection with a drug trafficking offense is a factual finding reviewed for clear error. *See Bass*, 996 F.3d at 742. "A factual finding is not clearly erroneous if it is plausible, considering the record as a whole." *United States v. Ruiz*, 621 F.3d 390, 396 (5th Cir. 2010) (per curiam) (citation omitted). "Furthermore, in determineing whether an enhancement applies, a district court is permitted to draw reasonable inferences from the facts, and these inferences are fact-findings reviewed for clear error as well." *United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006) (citation omitted).

By contrast, the district court's decision to give the Guidelines commentary authoritative weight is a legal decision reviewed *de novo*. *See United States v. Vargas*, No. 21-20140, ____ F. 4th ____, 2023 WL 4702277, at *2 (5th Cir. July 24, 2023) (en banc).

## III.

Choulat correctly received a four-level sentencing enhancement if he possessed a firearm in connection with a drug trafficking offense. *See* U.S.S.G. § 2K2.1(b)(6)(B). A firearm is "automatically" connected to drug trafficking if it is found in close proximity to drugs or drug paraphernalia. *Jeffries*, 587 F.3d at 692 (citing U.S.S.G. § 2K2.1 cmt. n.14(B)).

There is no serious dispute that Choulat's firearm was in close proximity to his drugs, grinder, and scale. So Choulat presses two alternative claims on appeal: (A) there was insufficient evidence to prove that he committed a drug trafficking offense; and (B) the district court erred by finding a connection between the gun and the drugs. Choulat maintains that the automatic enhancement prescribed by Application Note 14(B) is an unreasonable expansion of the Guidelines' text under *Kisor v. Wilkie*, 139 S. Ct. 2400, 2415–18 (2019). Yet both of those contentions are foreclosed by circuit

precedent.

## A.

First, the district court was entitled to find that Choulat committed a drug trafficking offense. Mere possession of a controlled substance with an intent to distribute qualifies as a "drug trafficking offense." *See* U.S.S.G. § 2L1.2 cmt. n.2.[3] The intent to distribute can be inferred from the sur-rounding circumstances. *United States v. Rodriguez*, 993 F.2d 1170, 1175 (5th Cir. 1993).

Although Choulat was carrying only a small quantity of drugs, small amounts can still be trafficked. The inference that an individual plans to dis-tribute his drugs is strengthened where he also has other drug paraphernalia. *United States v. Munoz*, 957 F.2d 171, 174 (5th Cir. 1992). Choulat possessed a grinder and a scale in addition to drugs. He also had multiple kinds of drugs in separate baggies, and he was stopped in an area known for narcotics activ-ity. The combination of those facts led the district court to conclude that Choulat had committed a drug trafficking offense.

Choulat, meanwhile, claims that he possessed drugs only for personal use. After all, he had only a limited amount of meth and marihuana—4 grams and 0.16 ounces, respectively. The firearm in his car was also on the floor, tucked in a zippered bag, not on his hip. Therefore, he insists that the evi-dence did not support the conclusion that he was a trafficker.

All Choulat has shown, however, is that the facts are susceptible to different inferences. True, Choulat was not carrying the large quantities typi-cal of a trafficker. But trafficking includes possession of a controlled

---

[3] That definition applies in the 2K2.1(b)(6)(B) context. *See, e.g.*, *Bass*, 996 F.3d at 742; *United States v. Alcantar*, 733 F.3d 143, 147 (5th Cir. 2013).

substance—however much—with intent to distribute. *See United States v. Alcantar*, 733 F.3d 143, 147 (5th Cir. 2013). We have repeatedly affirmed district courts' findings of drug trafficking where the defendants possessed small amounts of drugs.[4] And here, Choulat possessed small quantities of marihuana and meth along with drug paraphernalia and a gun. On clear error review, a district court's findings need only be "plausible." *Ruiz*, 621 F.3d at 396. It was not clear error for the district court to draw the inference that Choulat had an intent to distribute.

Choulat alleges that he expressly told the officers at the traffic stop that the drugs were just for personal use. But there is nothing in the record to support that. Choulat's attorney made the claim in the sentencing hearing without known support. A "district judge need not accept . . . self-serving" statements made at a sentencing hearing. *United States v. Buenrostro*, 868 F.2d 135, 136, 138 (5th Cir. 1989). And even if Choulat did characterize his behavior to the officers that way, his say-so would not be entitled to decisive weight.

Finally, Choulat reasons that, because he was homeless, he was less capable of trafficking. But the United States cites Choulat's lack of gainful employment as evidence *for* trafficking—he had an obvious motive to turn drugs for profit. Both inferences are plausible in their own right. It was not

---

[4] *See, e.g.*, *United States v. Brown*, 797 F. App'x 854, 859 (5th Cir. 2020) (per curiam) (5.1 grams of heroin divided into plastic bags, one gram of heroin, and less than one gram of meth); *United States v. Hunter*, 543 F. App'x 374, 375 (5th Cir. 2013) (per curiam) (2.5 grams of marihuana and 0.3 grams of crack cocaine); *United States v. Freeman*, No. 20-50181, 2021 WL 2908510, at *4 (5th Cir. July 9, 2021) (per curiam) (unpublished) (four grams of crack cocaine); *cf. United States v. Zubia*, 727 F. App'x 86, 87 (5th Cir. 2018) (per curiam) (a glass meth pipe, a digital scale, and a box of plastic baggies, but no actual drugs). In *United States v. Vaughn*, No. 21-50220, 2022 WL 885124, at *1 (5th Cir. Mar. 25, 2022) (per curiam) (unpublished), we affirmed a finding of drug trafficking where the defendant possessed 4.7 grams of meth and expressly agreed to sell it to an undercover officer.

clear error for the district court to conclude, given the totality of the evidence, that Choulat had engaged in drug trafficking.

This case is similar to *United States v. Hughes*, No. 21-50458, 2022 WL 1223806 (5th Cir. Apr. 26, 2022) (per curiam) (unpublished), which was also a felon-in-possession case. There, the defendant had been arrested with 5.5 grams of meth on his person, along with a glass pipe and six Adderall capsules totaling 3.4 grams. *Id.* at *1. The district court determined that Hughes was engaged in drug distribution, and the panel affirmed, holding that "[t]he standard of review resolves [the] case." *Id.* at *2. "To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Id.* (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988) (alteration in original)). The panel expressed some doubt about whether Hughes was a trafficker, but it noted that he possessed "two different . . . kinds of drugs" and a gun in close proximity. *Id.* That was enough to make the finding "plausible." *Id.* at *2–3.

The same result holds here. If anything, this case is easier than *Hughes*. The *Hughes* court acknowledged that the defendant "did not possess scales, cutting agents, or similar tools of the trade that courts sometimes use to infer involvement in drug trafficking." *Id.* at *2. So there was "room to doubt that Hughes was engaged in drug distribution." *Id.* Choulat did possess a scale and a grinder. Whatever doubts the panel had in *Hughes* are lessened here. Even if we might weigh the evidence differently in the first instance, the district court's fact-finding is plausible in light of the whole record.

## B.

Second, Choulat maintains that the district court should not have relied on Application Note 14(B) to enhance his sentence. Under U.S.S.G.

§ 2K2.1(b)(6)(B), to support an enhancement, the government must show that a defendant possessed a firearm "in connection with" another felony offense. But Application Note 14(B) provides that a gun is "*automatically*" connected to a drug trafficking offense if it is found in close proximity to drugs or drug paraphernalia. *Jeffries*, 587 F.3d at 692 (citing § 2K2.1 cmt. n.14(B)) (emphasis added). To Choulat, the application note impermissibly expands the scope of the black-letter guideline.

Yet application notes in the Sentencing Guidelines are authoritative unless they are "inconsistent with, or a plainly erroneous reading of," the Guidelines. *United States v. Stinson*, 508 U.S. 36, 38 (1993); *accord United States v. Miller*, 607 F.3d 144, 148 n.2 (5th Cir.2010). And we have already held that Application Note 14(B) satisfies *Stinson*'s standard. *Alcantar*, 733 F.3d at 147. That would seem to end Choulat's appeal.

Choulat contends, however, that *Kisor v. Wilkie* changed the rule from *Stinson*. *Stinson* reasoned that the commentary in the Sentencing Guidelines is analogous to an agency's interpretation of its own rules. *Stinson*, 508 U.S. at 44–45. *Kisor*, meanwhile, held that an agency's unreasonable interpretations of its own rules are not entitled to deference. 139 S. Ct. at 2415. The Court outlined a variety of steps that we must go through before deferring to an agency interpretation of an ambiguous regulation. *Id.* at 2415–18. Choulat therefore contends that *Kisor*, by revising the rules for agency deference, also revised *Stinson*'s rule for when we defer to the Guidelines commentary. He urges us to ignore *Alcantar* and reconsider whether Application Note 14(B) is a reasonable interpretation of § 2K2.1(b)(6)(B).

Although Choulat's reading of *Kisor* is not unreasonable, it is foreclosed. Our en banc court recently clarified that *Kisor* did not expressly overrule or modify *Stinson*. *Vargas*, 2023 WL 4702277, at *4–5. It follows that we defer to Guidelines commentary unless it is "inconsistent with, or a

plainly erroneous reading of," the Guidelines. *Id.* at *3 (quoting *Stinson*, 508 U.S. at 38). Because *Kisor* did not overrule or modify *Stinson*, our pre-*Kisor* cases deferring to various notes in the Sentencing Guidelines based on *Stinson* are still good law.

Thus, Application Note 14(B) is "authoritative" here. *See Alcantar*, 733 F.3d at 147 (quoting *Miller*, 607 F.3d at 148 n.2). The district court appropriately found that Choulat's firearm was possessed "in connection with" drug trafficking, as it was in close proximity to Choulat's drugs and drug paraphernalia. U.S.S.G. § 2K2.1 cmt. n.14(B).

It was not clearly erroneous for the district court to find that Choulat was trafficking drugs. Nor did it err by applying Application Note 14(B). The judgment of conviction is therefore AFFIRMED.