# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 17, 2024

Lyle W. Cayce
Clerk

————————

No. 23-60457
Summary Calendar

————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

KELSON SMITH,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:22-CR-135-1

———————————————————————

Before JONES, SOUTHWICK, and HO, *Circuit Judges*.

PER CURIAM:*

Kelson Smith pleaded guilty to a single count of possession of ammunition by a convicted felon. *See* 18 U.S.C. § 922(g)(1). He received a four-level enhancement for possession of a firearm in connection with another felony offense. *See* U.S.S.G. § 2K2.1(b)(6)(B). The district court

———————————————

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

overruled Smith's objection to the enhancement and ultimately sentenced him to 38 months of imprisonment.

On appeal, Smith argues that the district court failed to adequately explain its reasons for overruling his objection to the enhancement. Because he failed to raise this issue in the district court, we review for plain error. *See United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). However, Smith has not shown error. In overruling his objection to the enhancement, the district court recited a portion of Application Note 14 to § 2K2.1, which addresses application of the enhancement when, in the context of a drug trafficking offense, a firearm is found in close proximity to drugs. *See* § 2K2.1, comment. (n.14(B)). The district court quoted the factual basis from Smith's rearraignment, cited the "amount of contraband" found, and cited the circumstances of the search of his vehicle. During that search, the officer also found 18 grams of methamphetamine and found two firearms inside of the glove box. We conclude that the district court's explanation was sufficient to show that it relied on Application Note 14(B), it considered the parties' arguments, and it expressed a reasoned basis for its decision. *See United States v. Rouland*, 726 F.3d 728, 732 (5th Cir. 2013).

Smith also challenges the decision to apply this enhancement. Because he objected in the district court, we review for clear error. *See United States v. Choulat*, 75 F.4th 489, 491 (5th Cir. 2023); *cert. denied*, 2024 WL 674900 (U.S. Feb. 20, 2024) (No. 23-5908). Application Note 14(B) states in relevant part that, when the defendant is engaged in a "drug trafficking offense in which a firearm is found in close proximity to drugs," the enhancement is warranted "because the presence of the firearm has the potential of facilitating another felony offense." § 2K2.1, comment. (n.14(B)). On appeal, Smith argues both that he was not engaged in a drug trafficking offense and that he did not possess the two firearms recovered from the vehicle's glove box. However, based on the circumstances of the

No. 23-60457

vehicle search, including 18 grams of methamphetamine found in Smith's vehicle and the two firearms found in its unlocked glove box, we conclude that the district court did not clearly err in finding that Smith was engaged in a drug trafficking offense and that Smith constructively possessed two firearms. Therefore, the district court did not clearly err by imposing the four-level enhancement.

AFFIRMED.