# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 1, 2024

Lyle W. Cayce
Clerk

———————

No. 23-50509

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Bay Travon Wilson,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:23-CR-26-1

———————————————————

Before Haynes, Willett, and Oldham, *Circuit Judges*.

Don R. Willett, *Circuit Judge*:

Bay Travon Wilson pleaded guilty to being a felon in possession of a firearm and to possessing an unregistered firearm in violation of 18 U.S.C. § 922(g)(1) and 26 U.S.C. § 5861(d), respectively. He appeals his conviction and sentence, arguing that (1) his conviction for firearm possession by a felon violates the Second Amendment, and (2) the district court erred in applying a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possessing a firearm in connection with another felony offense, a four-level enhancement under § 2K2.1(b)(4)(B) for possessing a firearm with an obliterated serial

number, and a two-level enhancement under § 2K2.1(b)(1)(A) for possession of three or more firearms. We AFFIRM.

I

In February 2023, state detectives arranged a controlled purchase of cocaine from Samuel Barraza-Urias, Wilson's co-defendant, in Midland, Texas. While surveilling the purchase location, officers conducted a traffic stop of a pickup truck. They found Barraza-Urias in the front passenger seat and Wilson in the back. They also found 160.6 grams of powder cocaine and three firearms: a short barrel AR-15 rifle, a KelTec semi-automatic pistol, and a Ruger semi-automatic pistol. Wilson, Barraza-Urias, and the vehicle's third occupant were arrested. Barraza-Urias admitted to possessing the Ruger pistol, which had an obliterated serial number. Both Wilson and Barraza-Urias admitted to possessing the rifle. Wilson also admitted to possessing the KelTec pistol. Wilson pleaded guilty to being a felon[1] in possession of a firearm and to possessing an unregistered firearm in violation of 18 U.S.C. § 922(g)(1) and 26 U.S.C. § 5861(d), respectively.

The presentence investigation report (PSR) assigned Wilson a base offense level of 20.[2] It also applied a four-level enhancement under § 2K2.1(b)(6)(B) because a firearm was used or possessed in connection with another felony offense (here, drug trafficking), a four-level enhancement under § 2K2.1(b)(4)(B) because the Ruger pistol had an obliterated serial number, and a two-level enhancement under § 2K2.1(b)(1)(A) because the offense involved three firearms.

---

[1] Wilson has prior felony convictions for possessing a controlled substance (methamphetamine) and tampering with physical evidence.

[2] *See* U.S.S.G. § 2K2.1(a)(4)(B).

No. 23-50509

Wilson objected to all three enhancements. He argued that there was insufficient evidence that he used a firearm in connection with another felony offense for the § 2K2.1(b)(6)(B) enhancement. And he argued that there was insufficient evidence that he possessed the Ruger pistol and thus that the enhancements under § 2K2.1(b)(1)(A) and (b)(4)(B) were improper.

The district court overruled Wilson's objections, applied the enhancements, and sentenced Wilson to 97 months' imprisonment and three years of supervised release on each count, to run concurrently.

Wilson timely appealed.

II

Wilson argues that his 18 U.S.C. § 922(g)(1) conviction should be reversed because it violates his Second Amendment rights after *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). Wilson did not raise this challenge below, so we review for plain error.[3] To prevail, Wilson must show a clear or obvious error that affects his substantial rights.[4] If he makes that showing, we may, in our discretion, remedy the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."[5]

We have yet to address "the impact of *Bruen* on the constitutionality of § 922(g)(1) in a case in which the issue was preserved in the district court."[6] And "[i]n the plain error context, 'a lack of binding authority is

---

[3] *See United States v. Jones*, 88 F.4th 571, 572 (5th Cir. 2023) (per curiam), *cert. denied*, 144 S. Ct. 1081 (2024).

[4] *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

[5] *Id.* (alteration in original) (internal quotation marks and citation omitted).

[6] *See Jones*, 88 F.4th at 573.

often dispositive.'"[7] "Given the absence of binding precedent holding that § 922(g)(1) is unconstitutional, and that it is unclear that *Bruen* dictates such a result," Wilson cannot show plain error.[8]

## III

## A

Wilson also argues that the district court erred in applying a four-level enhancement under § 2K2.1(b)(6)(B) because there was insufficient evidence that he committed another felony offense.

Because Wilson preserved this argument by objecting below, "we review the application of the Guidelines *de novo* and the district court's factual findings—along with the reasonable inferences drawn from those facts—for clear error."[9] "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole."[10] We will find clear error only if "we are left with the definite and firm conviction that a mistake has been committed."[11]

The § 2K2.1(b)(6)(B) enhancement applies when the defendant "used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense."[12] When the other felony offense

---

[7] *Id.* at 573–74 (quoting *United States v. McGavitt*, 28 F.4th 571, 577 (5th Cir. 2022)).

[8] *See id.* at 574.

[9] *See United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013).

[10] *Id.* (citation omitted).

[11] *United States v. Hagman*, 740 F.3d 1044, 1048 (5th Cir. 2014) (citation omitted).

[12] U.S.S.G. § 2K2.1(b)(6)(B).

involves drug trafficking, the connection between the firearm and the offense is presumed if the "firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia."[13] The enhancement then applies "automatically," reflecting the Sentencing Commission's judgment that "'the presence of the firearm has the potential of facilitating' these types of offenses."[14]

The district court plausibly found that Wilson was involved in drug trafficking and that the drugs and firearms were in close proximity. For purposes of the enhancement, "possession of a controlled substance with an intent to distribute qualifies as a 'drug trafficking offense.'"[15] Officers found Barraza-Urias and Wilson together at the location of the controlled buy with 160.6 grams of powder cocaine, an amount "indicative of drug trafficking."[16] Wilson also possessed at least two firearms, which we have repeatedly

---

[13] *Id.* § 2K2.1 cmt. n.14(B)(ii); *see also United States v. Jeffries*, 587 F.3d 690, 692–95 (5th Cir. 2009); *United States v. Eaden*, 914 F.3d 1004, 1008 (5th Cir. 2019).

[14] *Jeffries*, 587 F.3d at 692 (quoting U.S.S.G. § 2K2.1 cmt. n.14(B)(ii)).

[15] *United States v. Choulat*, 75 F.4th 489, 492 & n.3 (5th Cir. 2023) (citing U.S.S.G. § 2L1.2 cmt. n.2), *cert. denied*, 144 S. Ct. 829 (2024). Possession with intent to distribute powder cocaine is a federal offense punishable by a maximum of 20 years' imprisonment. 21 U.S.C. § 841(a)(1), (b)(1)(C). Accordingly, this is "another felony offense" for purposes of the sentencing enhancement. *See* U.S.S.G. § 2K2.1 cmt. n.14(C).

[16] *See United States v. Huerta*, 994 F.3d 711, 715 (5th Cir. 2021); *United States v. Mays*, 466 F.3d 335, 341 (5th Cir. 2006) ("[M]ere possession of a quantity of drugs inconsistent with personal use will suffice for the jury to find intent to distribute."); *Choulat*, 75 F.4th at 492 (concluding that even a "small quantity of drugs," such as 4 grams of methamphetamine and 0.16 ounces of marijuana, "can still be trafficked"). The district court properly adopted these facts from the PSR because they have "sufficient indicia of reliability," and Wilson does not present evidence suggesting otherwise. *See United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007) (citation omitted).

recognized are "tools of the trade of drug trafficking."[17] Although Wilson argues that only Barraza-Urias knew of the drug deal, Wilson would probably not have driven with Barraza-Urias to the location of a drug deal in a vehicle containing drugs and firearms if he were not also involved.[18] On these facts, the district court plausibly concluded that Wilson was trafficking drugs. The drug offense need not be charged to support the enhancement.[19] And because the drugs and firearms were in the same vehicle, the district court properly found that they were in close proximity.[20] The district court therefore did not clearly err in applying the § 2K2.1(b)(6)(B) enhancement.

B

Wilson also argues that the district court erred by applying the two-level enhancement under § 2K2.1(b)(1)(A) for possession of three or more firearms and the four-level enhancement under § 2K2.1(b)(4)(B) for possession of a firearm (the Ruger pistol) with an obliterated serial number. Wilson concedes that he possessed the KelTec pistol and the AR-15 rifle but contends that he did not possess the Ruger pistol, without which neither

---

[17] *See Huerta*, 994 F.3d at 714–15 (internal quotation marks omitted) (citing *United States v. Cooper*, 979 F.3d 1084, 1090 (5th Cir. 2020)); *see also United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010).

[18] *See United States v. Paul*, 142 F.3d 836, 840 (5th Cir. 1998) ("[A] jury may find knowledgeable, voluntary participation from presence when . . . it would be unreasonable for anyone other than a knowledgeable participant to be present." (quoting *United States v. Cruz–Valdez*, 773 F.2d 1541, 1546 (11th Cir. 1985) (en banc))); *cf. Cruz-Valdez*, 773 F.2d at 1546 ("[I]t may be quite reasonable for the . . . jury to find that all of the persons on board a small boat that is packed with marijuana must have known about it."); *United States v. Smith*, 85 F. App'x 5, 6 (5th Cir. 2004) (per curiam) (concluding that the evidence was sufficient for convictions for conspiracy to distribute and attempted possession with the intent to distribute because, in part, the defendant "accompanied his co-defendant to the site of the drug deal").

[19] *See* U.S.S.G. § 2K2.1 cmt. n.14(C); *see also Choulat*, 75 F.4th at 491.

[20] *See Alcantar*, 733 F.3d at 144, 148.

enhancement is proper. Wilson objected below, so we apply the same standard of review that we did to his other enhancement.[21]

Possession of a firearm "may be actual or constructive."[22] There is no evidence that Wilson actually possessed the Ruger pistol.[23] So we turn to constructive possession. "'Constructive possession' has been defined as ownership, dominion, or control over the contraband itself, *or* dominion or control over the premises in which the contraband" is found.[24] When two or more people jointly occupy a space where the contraband (here, a firearm) is found, constructive possession requires something more: The government must point to "some evidence supporting at least a plausible inference that the defendant had knowledge of and access to the [firearm]."[25] This inquiry is "fact-specific" and driven by "common sense."[26]

The district court did not clearly err in finding that Wilson constructively possessed the Ruger pistol. Although Barraza-Urias said that the Ruger pistol was his,[27] this fact is not dispositive because "[c]onstructive possession need not be exclusive."[28] Rather, "it may be joint with others, and

---

[21] *See id.* at 146.

[22] *See United States v. Fields*, 977 F.3d 358, 365 (5th Cir. 2020) (citation omitted).

[23] *See Hagman*, 740 F.3d at 1048 ("To prove that Hagman had actual possession of the eleven missing firearms, the government must demonstrate that he exercised direct physical control over them.").

[24] *United States v. Smith*, 930 F.2d 1081, 1085 (5th Cir. 1991).

[25] *United States v. Mergerson*, 4 F.3d 337, 349 (5th Cir. 1993).

[26] *United States v. Wright*, 24 F.3d 732, 735 (5th Cir. 1994).

[27] *See Mergerson*, 4 F.3d 337 at 349 (treating ownership by someone else as suggesting that Mergerson did not constructively possess the firearm).

[28] *See United States v. McKnight*, 953 F.2d 898, 901 (5th Cir. 1992).

it may be proven with circumstantial evidence."[29] Here, there are sufficient "circumstantial indicia" that Wilson constructively possessed the pistol.[30] That Wilson was riding with Barraza-Urias to the drug deal—together with drugs they were jointly distributing—suggests that Wilson was more than a mere passenger. That, coupled with his admission that he possessed two of the three firearms found in the vehicle, plausibly indicates that he exercised control over the vehicle and its contents.[31] Given Wilson's role in the drug deal and the reasonable inference that all of the firearms were intended "to protect the drugs" that Wilson was helping distribute,[32] the district court could conclude that he knew of and could access all three firearms. Wilson already admitted to possessing two of the three, and "[t]here is nothing in the record that suggests [the third firearm (the Ruger pistol)] w[as] inaccessible to him" or that it was "deliberately hidden from view."[33] The district court could therefore plausibly infer that Wilson exercised control of

---

[29] *Id.*

[30] *See Mergerson*, 4 F.3d at 349.

[31] *Cf. United States v. De Leon*, 170 F.3d 494, 497 (5th Cir. 1999) (concluding that the defendant "was more than a casual visitor" to the house because "[i]t [could] be reasonably inferred from this evidence that [he] had authority to keep personal belongings" there).

[32] *See United States v. Mayfield*, 832 F. App'x 896, 897 (5th Cir. 2021) ("In cases of drug distribution, a firearm in close proximity to a quantity of drugs supports the reasonable inference that possession of the firearm was to protect the drugs kept.").

[33] *See United States v. Jones*, No. 21-30546, 2022 WL 1010687, at *1 (5th Cir. Apr. 5, 2022) (per curiam); *see also Mayfield*, 832 F. App'x at 897. Unlike here, there was no evidence in *Jones* and *Mayfield* that the firearms belonged to someone else. *See Jones*, 2022 WL 1010687, at *1; *Mayfield*, 832 F. App'x at 897. But, as we have explained, that someone else possesses or owns the firearm is not dispositive when other circumstances, such as those discussed above, demonstrate that the defendant also knew of and could access the weapon.

the car and had access to and knowledge of its contents, including the Ruger pistol.

Accordingly, the district court did not clearly err in finding that Wilson constructively possessed the Ruger pistol and in applying the § 2K2.1(b)(1)(A) and (b)(4)(B) enhancements.

AFFIRMED.

HAYNES, *Circuit Judge*, concurring in part and dissenting in part:

I concur in much of the majority opinion. However, I respectfully dissent from the affirmance of the sentencing enhancements based upon the Ruger semi-automatic pistol. I would reverse and remand on that point for a resentencing without those enhancements.

I agree with the majority opinion that there is no evidence of actual possession. So, the question is whether there is sufficient evidence of constructive possession. In my view, there is not. The only evidence presented was that Wilson was a passenger in the car where one of the other passengers, Barraza-Urias, admitted that the Ruger pistol belonged to him. Simply being a passenger in a car, even with people you know, is not sufficient to make you a constructive possessor of everything in the car. *See United States v. McKnight*, 953 F.2d 898, 901 (5th Cir. 1992); *see also United States v. Reed*, 277 F. App'x 357, 361 (5th Cir. 2008) (per curiam) ("[M]ore evidence than mere physical proximity of the defendant to the [firearm] is required." (quotation omitted)). In this case, there is absolutely no evidence of where the Ruger pistol was—no evidence that Wilson could see it or knew about it. Nor was there evidence that Wilson owned the car. In fact, Wilson even admitted to possessing the KelTec semi-automatic pistol and jointly possessing the short barrel AR-15 rifle, which is a relatively large weapon. But he disputed having possession (actual or constructive) of the Ruger pistol, which is comparatively smaller.

The majority opinion concludes that because Wilson possessed the KelTec pistol and jointly possessed the AR-15 rifle, that means he must have constructively possessed the Ruger pistol. That makes little sense: just because you own one gun does not mean you own every gun ever near you. Just because you own something in the car doesn't mean you own everything in the car, particularly when it isn't your car. Indeed, in *United States v.*

*Mergerson*, 4 F.3d 337 (5th Cir. 1993), we made clear that an even higher level of control was not enough: "mere control or dominion over the place in which contraband . . . is found *by itself* is not enough to establish constructive possession when there is joint occupancy." *Id.* at 349. There is no evidence in the record showing that Wilson had control over the car, which was clearly jointly occupied. So, the evidence here is even less than what was insufficient in *Mergerson*. It is not "common sense" to say that one person owns everything owned by their colleague, even when they are both criminals.

Accordingly, I respectfully dissent from that portion of the judgment.