# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 2, 2025

Lyle W. Cayce
Clerk

No. 24-50107
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JASON DANIEL CARBAJAL,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:23-CR-103-1

Before WIENER, HO, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Jason Daniel Carbajal pleaded guilty to possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1). His predicate felony convictions included a Texas aggravated robbery conviction. *See* TEX. PENAL CODE § 29.03. On appeal, Carbajal argues that § 922(g)(1) violates the Second Amendment, both facially and as applied to him; the district court

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

erred at sentencing by applying a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) based on a finding that he possessed a firearm in connection with another felony offense; and the written judgment must be conformed to comply with the oral pronouncement that his federal sentence run concurrently with any sentences that issued from the related conduct in paragraph 48 of the presentence report. Additionally, Carbajal argues that the district court erroneously relied on Application Note 14 of § 2K2.1 in light of *Kisor v. Wilkie*, 588 U.S. 558 (2019); however, he correctly concedes that this issue is foreclosed. *See United States v. Vargas*, 74 F.4th 673, 678 (5th Cir. 2023) (en banc), *cert. denied*, 144 S. Ct. 828 (2024); *United States v. Choulat*, 75 F.4th 489, 494 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 829 (2024).

First, Carbajal's as-applied challenge to § 922(g)(1) is foreclosed. *See United States v. Schnur*, 132 F.4th 863, 870-71 (5th Cir. 2025). Further, as Carbajal correctly concedes, his facial constitutional challenge is likewise foreclosed. *See United States v. Diaz*, 116 F.4th 458, 471-72 (5th Cir. 2024), *petition for cert. filed* (U.S. Feb. 18, 2025) (No. 24-6625). Next, the record supports a plausible inference that Carbajal's firearm possession facilitated, or had the potential of facilitating, his drug trafficking offense. *See United States v. Alcantar*, 733 F.3d 143, 148 & n.7 (5th Cir. 2013); *United States v. Jeffries*, 587 F.3d 690, 692, 694-95 (5th Cir. 2009*). Last, we agree with Carbajal and the Government that there is a clerical error in the written judgment that must be conformed to comply with the district court's oral pronouncement. *See United States v. Illies*, 805 F.3d 607, 610 (5th Cir. 2015).

Accordingly, the judgment and sentence are AFFIRMED. This case is REMANDED to the district court for the limited purpose of correcting the clerical error in the judgment.