# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-50491
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

June 25, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee,*

*versus*

DAVID MARCO ARREDONDO,

*Defendant—Appellant.*

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:23-CR-214-1

———————————————————————

Before HIGGINBOTHAM, JONES, and OLDHAM, *Circuit Judges.*

PER CURIAM:[*]

David Marco Arredondo appeals following his guilty plea conviction for possession of a firearm after a felony, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(8), for which the district court sentenced him to 87 months in prison. Arredondo argues (1) that § 922(g)(1) is unconstitutional

———————————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

as applied to him and (2) that the district court erred in assessing three criminal history points.

As he did not raise these issues in the district court, Arredondo concedes that review is for plain error only. *See United States v. Jones*, 88 F.4th 571, 572 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 1081 (2024); *United States v. Jasso*, 587 F.3d 706, 709 (5th Cir. 2009). Regarding his argument that § 922(g)(1) is unconstitutional as applied because this Nation does not have a longstanding tradition of disarming defendants like him who have a prior conviction of possession of a controlled substance, Arredondo "must at least show error in the straightforward applications of existing cases." *Jones*, 88 F.4th at 574 (internal quotation marks and citation omitted). We have repeatedly rejected similar challenges to § 922(g)(1). *See United States v. Cisneros*, 130 F.4th 472, 477 (5th Cir. 2025); *United States v. Wilson*, 111 F.4th 567, 570 (5th Cir. 2024); *Jones*, 88 F.4th at 574. Because Arredondo's as-applied argument would, at the least, require extending precedent, he fails to show that § 922(g)(1) clearly or obviously violates the Second Amendment as applied to him. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Diaz*, 116 F. 4th 458, 466-72 (5th Cir. 2024), *cert. denied*, No. 24-6625, 2025 WL 1727419 (U.S. June 23, 2025); *Jones*, 88 F.4th at 574.

Regarding Arredondo's argument that the district court plainly erred in assessing three criminal history points for an offense committed when he was a juvenile, the record reveals no error. *See Puckett*, 556 U.S. at 135. He does not dispute that he was convicted and sentenced as an adult for the prior offense, and he was released from incarceration less than 15 years prior to the commencement of the instant offense of conviction. *See* U.S.S.G. §§ 4A1.1, 4A1.2; U.S.S.G. § 4A1.1, comment. (n.1); *see also United States v. Gipson*, 46 F.3d 472, 475 (5th Cir. 1995) (interpreting § 4A1.2(e)(4)).

AFFIRMED.