# United States Court of Appeals for the Fifth Circuit

———————

No. 24-40134
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

July 8, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MANUEL ALEJANDRO SOTO-BAZAN,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:22-CR-910-5

———————————————————

Before BARKSDALE, HIGGINSON, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Manuel Alejandro Soto-Bazan challenges his within-Guidelines 135-months' sentence, imposed following his guilty-plea conviction for conspiracy to possess, with intent to distribute, five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. In support, he contests the district court's application of a two-level dangerous-

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

weapon enhancement under Sentencing Guideline § 2D1.1(b)(1) (quoted *infra*).

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The Guidelines provide for a two-level increase to defendant's base offense level "[i]f a dangerous weapon (including a firearm) was possessed" during the commission of the offense. U.S.S.G. § 2D1.1(b)(1). The district court's determination that Soto possessed a firearm in connection with the offense is a factual finding, reviewed for clear error. *E.g.*, *United States v. Ruiz*, 621 F.3d 390, 396 (5th Cir. 2010). "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole." *United States v. Trujillo*, 502 F.3d 353, 356 (5th Cir. 2007). Once the Government "prov[es] by a preponderance of the evidence that the defendant possessed the weapon . . . by showing that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant", defendant bears the burden "to show that it was clearly improbable that the weapon was connected with the offense". *Ruiz*, 621 F.3d at 396 (citation omitted); *see also* § 2D1.1, cmt. n.11(A) (setting forth "clearly improbable" standard for possession of weapon in connection with drug-trafficking offense).

No. 24-40134

The record as a whole supports a reasonable inference that the firearm was possessed in connection with the drug conspiracy (cocaine). *See Ruiz*, 621 F.3d at 396; *United States v. Hooten*, 942 F.2d 878, 882 (5th Cir. 1991) (evidence that weapon was found in same location where drugs or drug paraphernalia are stored satisfies Government's burden). Soto admitted to conducting drug transactions at the home where the weapon was found; and, although he stated that he procured the gun for protection due to burglaries and left the conspiracy two months before the gun was recovered, he did not state when the gun was purchased, nor did he deny having it in the home when the drug transactions occurred there. Finally, we have "repeatedly recognized [that firearms] are tools of the trade of drug trafficking", and a case agent stated that the gun was obtained to protect the drugs. *United States v. Wilson*, 111 F.4th 567, 571 (5th Cir.) (citation omitted), *cert. denied*, 145 S. Ct. 785 (2024). Soto has not met his burden "to show that it was clearly improbable that the weapon was connected with the offense". *Ruiz*, 621 F.3d at 396; U.S.S.G. § 2D1.1, cmt. n.11(A). Accordingly, the court did not clearly err in applying the dangerous-weapon enhancement.

AFFIRMED.