# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-50443
_____

United States Court of Appeals
Fifth Circuit

**FILED**

August 12, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

IZIK CANDELARIO ROMERO,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:20-CR-125-1

_____

Before SOUTHWICK and DUNCAN, *Circuit Judges*, and KERNODLE, *District Judge*.[*]

JEREMY D. KERNODLE, *District Judge*:

This is Defendant Izik Romero's second appeal regarding his sentence. Previously, a panel of this court found no evidence to support an increased base offense level under the Sentencing Guidelines, vacated his sentence, and remanded for resentencing. On remand, the district court allowed the Government to present new evidence supporting the increased

_____

[*] United States District Judge for the Eastern District of Texas, sitting by designation.

offense level. Based on this evidence, the district court applied the same increased base offense level and issued an identical sentence.

Romero now appeals the district court's allowance of new evidence at resentencing and the application of the increased base offense level. Finding no error in the district court's resentencing, we AFFIRM.

## I.

Romero pleaded guilty to one count of violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2)—possession of a firearm by a convicted felon. The factual basis supporting the plea stated that Romero knew he had previously been convicted of a felony and knowingly possessed a certain Fabrique Nationale (FN), model FNS-9, 9mm pistol. This firearm was thrown from the passenger side window of a vehicle driven by Romero during a police pursuit.

At his initial sentencing, the Presentence Investigation Report (PSR) recommended a base offense level of 20 pursuant to §2K2.1(a)(4)(B) because a large-capacity magazine was "found near the firearm." With a base offense level of 20, Romero's total offense level was 23, resulting in a Guidelines sentencing range of 92 to 115 months of imprisonment. Romero did not object to the PSR, and the district court adopted the Guidelines calculation and sentenced Romero to 115 months of imprisonment followed by three years of supervised release.

Romero appealed the application of § 2K2.1(a)(4)(B). On plain-error review, a panel of this court determined that the Government "failed to prove what the text [of § 2K2.1(a)(4)(B)] plainly requires,"—namely, "that the firearm *be capable of accepting* the magazine." *United States v. Romero*, No. 21-50485, 2022 WL 3584873, at *2 (5th Cir. Aug. 22, 2022) (alteration in original) (quoting *United States v. Luna-Gonzalez*, 34 F.4th 479, 480, 481

(5th Cir. 2022)). Accordingly, the court vacated Romero's sentence and remanded to the district court for resentencing.

At the resentencing hearing, the Government presented the testimony of ATF special agent Aaron Woods to connect the firearm to the large-capacity magazine. Romero objected to the presentation of new evidence, which the district court overruled. Based on Agent Woods's testimony and other evidence, the district court again applied § 2K2.1(a)(4)(B) and again sentenced Romero to 115 months of imprisonment.

Romero appeals, challenging the new evidence presented at resentencing and the application of § 2K2.1(a)(4)(B) based on the large-capacity magazine.

## II.

We first consider Romero's argument that the district court may not consider additional evidence at resentencing. "We review de novo a district court's interpretation of our remand order, including whether the law-of-the-case doctrine or mandate rule forecloses any of the district court's actions on remand." *United States v. Pineiro*, 470 F.3d 200, 204 (5th Cir. 2006) (emphases omitted).

Romero's argument is foreclosed by *United States v. Carales-Villalta*, which held that "the district court *should* consider any new evidence from either party relevant to the issues raised on appeal" when a case is "remanded for resentencing without specific instructions." 617 F.3d 342, 345 (5th Cir. 2010) (emphasis added); *see also United States v. Hernandez*, 48 F.4th 367 (5th Cir. 2022) (holding that the district court may consider additional evidence at resentencing where the court's remand order did not dictate a particular result or limit what the district court could consider). And here, the court did not mandate what the district court could consider at resentencing. *Romero*, 2022 WL 3584873, at *3 ("For the foregoing reasons,

3

we vacate Romero's sentence and remand to the district court for resentencing.").

Romero cites *United States v. Villalobos*, in which we stated in dicta that "[t]he government generally may not present new evidence on remand when reversal is required due to the failure to present evidence originally." 879 F.3d 169, 172 (5th Cir. 2018) (quoting *United States v. Chem. & Metal Indus., Inc.*, 677 F.3d 750, 753 (5th Cir. 2012)). But as we explained in *Hernandez*, to the extent *Villalobos* "*is* in tension with *Carales-Villalta*, the holding of *Carales-Villalta* controls." *See* 48 F.4th at 371–72 (citing *United States v. Broussard*, 669 F.3d 537, 554 (5th Cir. 2012) (holding that "the earlier opinion controls and is the binding precedent in this circuit.")).

Romero also argues that *Carales-Villalta* and *Hernandez* do not apply to situations where the Government failed to present any supporting evidence at the initial sentencing, as here. Appellant's Br. at 20–21. But *Hernandez* itself forecloses this distinction, explaining that this argument is more of "a semantic difference than a legal distinction" and that a district court may allow new evidence to "establish" a fact not in evidence, not merely to "clarify" a record. 48 F.4th at 371.

Romero's first challenge fails.

## III.

We next consider whether the evidence supports the application of § 2K2.1(a)(4)(B). Because Romero objected, we review the district court's application of the Sentencing Guidelines de novo and any factual finding for clear error. *United States v. Lavalais*, 960 F.3d 180, 186 (5th Cir. 2020).

U.S.S.G. § 2K2.1(a)(4)(B) provides that the base offense level is 20 if "the (i) offense involved a (I) semiautomatic firearm that is capable of accepting a large capacity magazine." The commentary to § 2K2.1 explains:

> For purposes of subsections (a)(1), (a)(3), and (a)(4), a "semiautomatic firearm that is capable of accepting a large capacity magazine" means a semiautomatic firearm that has the ability to fire many rounds without reloading because at the time of the offense (A) the firearm had attached to it a magazine or similar device that could accept more than 15 rounds of ammunition; or (B) a magazine or similar device that could accept more than 15 rounds of ammunition was in close proximity to the firearm.

U.S.S.G. § 2K2.1 cmt. 2.

At resentencing, the Government presented evidence that officers observed an item being thrown from Romero's vehicle while crossing a bridge during a police pursuit. Shortly after, officers recovered the FN model FNS-9 9mm handgun from the creek below the bridge. The firearm had no magazine. Romero admitted to possessing this firearm.

Later that day, an area resident called police to report finding a firearm magazine in the rock garden outside the resident's home. Officers visited the house and found a magazine approximately 30 yards from where they earlier found the firearm. Agent Woods, the Government's witness, testified that the magazine was made by the same manufacturer as Romero's firearm, was compatible with Romero's firearm, was loaded with 9mm ammunition, and was capable of holding up to 17 rounds of ammunition. Agent Woods conceded that a pursuing officer's report indicated seeing only a single object thrown from Romero's vehicle and that it was unlikely that the magazine detached from the firearm and was ejected 30 yards after being thrown.

"[A] district court may draw reasonable inferences from the facts, and these inferences are findings of fact that are reviewed for clear error. A factual finding is clearly erroneous if it is not plausible in light of the record as a whole." *United States v. Olarte-Rojas*, 820 F.3d 798, 801 (5th Cir. 2016) (footnote omitted). The Government's evidence supports the reasonable

inference that the firearm thrown from the vehicle and the large-capacity magazine recovered nearby had both been inside Romero's vehicle—that is, in close proximity—at the time of the offense and that the magazine was compatible with the firearm. *See, e.g.*, *United States v. Choulat*, 75 F.4th 489, 490, 492 (5th Cir. 2023) (finding "no serious dispute" that a firearm in a zippered bag on the floor behind the driver's seat was "in close proximity" to drugs and drug paraphernalia found in the same vehicle). This factual determination satisfies the requirements of § 2K2.1(a)(4)(B). And because we are not "left with the definite and firm conviction that a mistake has been made," we will not disturb the district court's factual finding. *United States v. Abrego*, 997 F.3d 309, 312 (5th Cir. 2021) (quoting *United States v. Rome*, 207 F.3d 251, 253–54 (5th Cir. 2000)).

Romero's second challenge fails.

\*    \*    \*

For the reasons discussed above, we AFFIRM.