# United States Court of Appeals for the Fifth Circuit

————————

No. 23-30645

————————

United States Court of Appeals
Fifth Circuit

**FILED**

October 10, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JARVIS PIERRE,

*Defendant—Appellant*.

————————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:19-CR-286-1

————————————————————————

Before HIGGINBOTHAM, STEWART, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Jarvis Pierre appeals the 348-month sentence the district court imposed on resentencing. We previously affirmed Pierre's convictions for multiple drug and gun offenses. However, we concluded the district court improperly applied the armed career criminal enhancement and vacated his sentence. On remand, the district court imposed the same total sentence

———————————

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

under a new Sentencing Guidelines range.  For the reasons set forth below, we AFFIRM.

## I.    Background

Pierre's convictions stem from two traffic stops in 2018, during which police recovered drugs and multiple guns from his vehicle.  A grand jury subsequently indicted him for two counts of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) ("Counts 1 and 2"), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) ("Count 3"). A jury convicted him on all counts.

The presentence report ("PSR") identified Pierre as an armed career criminal under 18 U.S.C. § 924(e) because of his previous convictions for serious drug offenses and a crime of violence.  With a total offense level of 34 and criminal history category of VI, the PSR calculated a Guidelines range of 262–327 months for Counts 1 and 2, and 60 months (the statutory minimum) for Count 3.  At sentencing, the Government argued that even if the armed career criminal enhancement did not apply, the total Guidelines range would still be appropriate because Count 3 allowed for a maximum of life in prison. The district court ultimately sentenced Pierre to 288 months for Counts 1 and 2, and 60 months for Count 3, the latter to run consecutively as required by statute.  The court noted that "even if [it] miscalculated the guideline range, [it] nonetheless would order the defendant to serve the same sentence pursuant to 18 U.S.C. [§] 3553(a)."

On appeal, we affirmed Pierre's convictions.  *United States v. Pierre* (*Pierre I*), No. 22-30086, 2023 WL 2586314, at *3 (5th Cir. Mar. 21, 2023)

(per curiam). However, based on an intervening case[1] from our court, we held that "Pierre was improperly designated as an armed career criminal because his conviction for aggravated assault with a firearm does not qualify as a violent felony." *Pierre I*, 2023 WL 2586314, at *3. Without the enhancement, the statutory maximum for Counts 1 and 2 was 120 months each. For that reason, we held: "Because Pierre's concurrent 288-month prison terms for his § 922(g) offenses exceed the statutory maximum, they must be vacated." *Id.* However, we placed no limit on the resentencing. Instead, we said: "Pierre's convictions are AFFIRMED, the sentence is VACATED, and the case is REMANDED for resentencing." *Id.*

Before resentencing, the United States Probation Office prepared a new PSR that removed the armed career criminal enhancement. However, the new PSR identified Pierre as a career offender under Sentencing Guideline § 4B1.1(a) based on two of his past drug convictions. The resulting Guidelines range was 360 months to life, with a maximum of 120 months per count for Counts 1 and 2. At resentencing, Pierre's counsel did not object to the new PSR. But Pierre interjected and made several objections independent from counsel, including that the district court could revisit only the § 922(g)(1) sentences because the remand was limited, and the sentences under § 922(g)(1) and § 924(c) were not intertwined.

The district court overruled these objections and sentenced Pierre to 348 months' imprisonment—the same total from the first sentencing. The term was spread out across the three counts: 120 months for Count 1, 120 months for Count 2, and 108 months for Count 3. The district court ordered that the sentences run consecutively. Pierre timely appealed.

---

[1] *See United States v. Garner*, 28 F.4th 678, 683 (5th Cir. 2022).

No. 23-30645

## II.     Discussion

On appeal, Pierre argues (1) the district court exceeded our mandate by resentencing him on Count 3; (2) the district court violated the aggregate-sentence rule by resentencing him on Count 3; and (3) inchoate offenses are not included in the career-offender definition of "controlled substance offence."  Pierre admits that *United States v. Vargas*, 74 F.4th 673 (5th Cir. 2023) (en banc), forecloses his third argument, and he raises it solely to preserve it for appeal.  We therefore discuss only whether the district court exceeded the mandate or violated the aggregate-sentence rule.

"We review de novo whether . . . [the] mandate rule forecloses any of the district court's actions on remand."  *United States v. Pineiro,* 470 F.3d 200, 204 (5th Cir. 2006) (emphasis removed).  The mandate rule is a "specific application of the general doctrine of law of the case," which generally prohibits a district court from reexamining an issue of fact or law that an appellate court has already decided.  *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002).  The mandate rule "provides that a lower court on remand must implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of that court."  *Id.* (quotation omitted).

We take a "restrictive" approach in interpreting the scope of our remand order in cases involving criminal resentencing.  *Id.* at 658.  That is, "other issues not arising out of this court's ruling and not raised before the appeals court, which could have been brought in the original appeal, are not proper for reconsideration by the district court below."  *United States v. Marmolejo*, 139 F.3d 528, 531 (5th Cir. 1998).

Notably, the mandate rule does not compromise a court's jurisdiction.  Rather, it is a discretionary exercise expressing "the practice of courts generally to refuse to reopen what has been decided, not a limit to their

power." *Messenger v. Anderson*, 225 U.S. 436, 444 (1912); *see also United States v. Shoemaker,* 626 Fed. Appx. 93, 96 (5th Cir. 2015) ("The mandate rule is a specific application of the law of the case doctrine. Thus, the same principles apply." (citation omitted)). Further, the law of the case doctrine has limitations in its applicability, including when an earlier decision is "clearly erroneous and would work a manifest injustice." *United States v. Agofsky*, 516 F3.d 280, 283 (5th Cir. 2008).

Here, Pierre argues that the district court exceeded our mandate at the resentencing hearing. He relies on *United States v. Solorzano* (*Solorzano I*), 832 F. App'x 276 (2020) (per curiam), and *United States v. Solorzano* (*Solorzano II*), 65 F.4th 245 (5th Cir. 2023) (per curiam), for his argument.

In *Solorzano I*, we dealt with a host of challenges to a criminal defendant's conviction and sentence. We rejected most, including one to his sentence based on the First Step Act, a statute Congress passed while the defendant's appeal was pending. *Solorzano I*, 832 F. App'x at 280–284. We held that the First Step Act, which decreased the mandatory minimum of twenty-five years in cases like Solorzano's, did not apply retroactively as to nullify his sentence for count 6. *Id.* However, we also held that the district court plainly erred in applying a sentencing enhancement under Sentencing Guideline § 3A1.2(b) for counts 3 and 5. Although we specifically "vacate[d] Solorzano's sentence on Counts 3 and 5 and remand[ed] so that he may be resentenced under the appropriate Guidelines," *id.* at 283, our final sentences read:

> Because the district court plainly erred in applying the sentence enhancement under § 3A1.2(b) for Counts 3 and 5, Solorzano's sentence is VACATED. We REMAND for resentencing consistent with this opinion.

*Id.* at 284.

That final ruling is far more specific than our conclusion paragraph in *Pierre I*, which simply vacated the entire sentence and remanded for resentencing. Indeed, this is more similar to a case like *United States v. Romero*, 112 F.4th 309, 311–12 (5th Cir. 2024), where we held that our ruling of a general vacatur and remand allowed additional evidence before the district court. Additionally, *Solarzano II* involved us affirming a district court's decision to restrict itself on remand, not a question of us reversing the district court considering the entire sentence.

Thus, although Pierre tries to implicate the panel's decision in *Solorzano II*, what we have here is an altogether different scenario. There, the defendant urged the district court to reconsider the sentences imposed for counts 4 and 6 at the resentencing hearing by arguing that the First Step Act retroactively reduced the applicable minimums. But we explicitly rejected the First Step Act's applicability in *Solorzano I*, and the mandate rule prevents parties from relitigating either expressly—or impliedly—foreclosed issues. *United States v. Teel*, 691 F.3d 578, 583 (5th Cir. 2012). Not only would the district court have had to parse the language of our opinion to claim that we vacated Solorzano's entire sentence, but it would have done so just to revisit the precise merits question we already addressed. We agreed with the district court's interpretation that the mandate did not permit such a farcical result.

Contrast that with the district court's decision on remand in this case, where the court originally asserted that it would grant the same sentence even if the Guidelines were miscalculated. At resentencing, the court reapportioned its total sentence among the counts after considering the vacated sentences and the Sentencing Guidelines' recommended range for all three counts. A fair reading of *Pierre I*, which in several respects was

broader than *Solorzano I*, would permit this.[2]  *See United States v. Lee*, 358 F.3d 315, 323 (5th Cir. 2004) ("That our opinion in [the first appeal] identifies a particular sentencing issue . . . but does not mention § 4A1.3 . . . does not, in itself, foreclose the resentencing court's consideration of a § 4A1.3 departure.").  Further, the decision to increase the original sentence for Count 3 did not require that the court revisit the merits of a legal issue that Pierre already appealed.  *See id.* at 323–24.  ("On remand . . . the district court reconsidered an unappealed sentencing issue—a discretionary upward departure—that could *not* have been raised in the initial appeal . . . . [T]herefore[,] . . . the district court did not exceed the scope of our mandate by reconsidering the upward departure issue at resentencing.").  In all, these factors demonstrate that *Solorzano II* is not at odds with holding that the district court complied with the mandate here.

Moreover, reading *Pierre I* to permit resentencing on all three counts in this instance is consistent with general sentencing principles and the circumstances around Pierre's original sentence.  "A criminal sentence is a package of sanctions that the district court utilizes to effectuate its sentencing intent."  *Pepper v. United States*, 562 U.S. 476, 507 (2011) (quotation omitted).  "[A]ltering one portion of the calculus" may undermine "a district court's original sentencing intent."  *Id.* (internal quotation marks and citation omitted).  Accordingly, "an appellate court when reversing one part of a defendant's sentence 'may vacate the entire sentence . . . so that, on remand,

---

[2] Although the opinion provided that the armed career criminal enhancement could not apply via statute under Counts 1 and 2, and thus those two sentences "must" be vacated, Pierre did not challenge his *sentence* to Count 3 on any grounds.  *See Pierre* I, 2023 WL 2586314, at *1–*3 (challenging the Count 3 conviction but only the sentences imposed for Counts 1 and 2). Again, as stated above, our conclusion was likewise broader.  *See id.* at *3 ("Pierre's convictions are AFFIRMED, the sentence is VACATED, and the case is REMANDED for resentencing.").

the trial court can reconfigure the sentencing plan . . . to satisfy the sentencing factors in 18 U.S.C. § 3553(a).'" *Id.* (alterations in original) (quoting *Greenlaw v. United States*, 554 U.S. 237, 238 (2008)). The district court made clear in Pierre's original sentencing that it believed a 348-month sentence was appropriate under the § 3553(a) factors even if it erred in its Guidelines calculation. Thus, our prior opinion did not foreclose the district court's choice to resentence Pierre on Count 3 to meet its original sentencing intent.[3]

We note that the mandate rule does not categorically prohibit a district court from resentencing on all counts when the appellate court only vacated the sentences of particular counts. *Cf. United States v. Campbell*, 106 F.3d 64, 66–68 (5th Cir. 1997) (affirming a district court's decision to impose a greater sentence on remand as to a count 1 after the convictions for counts 2 and 3 were reversed). A situation like Pierre's demonstrates exactly why. Because the Government and the district court originally thought that the § 924(e) statutory enhancement applied to Counts 1 and 2, due to their mistaken impression of Pierre's status as an "armed career criminal," neither had an incentive to apply the Guidelines' recommended "career offender" enhancement for Count 3. Application of either enhancement would have produced a similar result. Had *Pierre I* prohibited the district court from revisiting its Count 3 sentence, the panel would have gifted the defendant an artificial sentencing cap of less than half the Guidelines' range for his three convictions. In the opposite direction, if we required the

---

[3] Given the district court's declaration that the original sentence was appropriate regardless of a Guidelines error, we would affirm even if Pierre's sentence were outside of the scope of the mandate. The mandate rule is a discretionary rule that allows several exceptions, including when "the earlier decision is clearly erroneous and would work a manifest injustice." *Matthews*, 312 F.3d at 657. If the *Pierre I* panel had limited the mandate to Counts 1 and 2, it would have been clearly erroneous because the 348-month sentence was otherwise lawful. Prohibiting a district court from issuing its intended, lawful sentence would work a manifest injustice.

Government to always seek all possible enhancements at an original sentencing out of fear that some enhancements might later be vacated on appeal, defendants might be subject to arbitrarily long sentences. *Cf. Matthews*, 312 F.3d at 660 n.8 ("[I]f the prosecution feared that an appellate court might reverse the aggravated offense conviction or sentence and remand for resentencing on the lesser included offense without the possibility of enhancements, the prosecution will likely seek enhancements . . . despite its belief that the enhancements are needlessly harsh."). This could be especially problematic in a case like Pierre's, where counts run consecutively according to statute. Accordingly, we do not find error on the mandate rule.

Finally, Pierre also argues that, regardless of the mandate rule, the district court erred in resentencing him on Count 3 because the sentence of that count was not "bundled" or "interdependent" with the other sentences. However, he provides no caselaw for the notion that the aggregate-sentence rule is a standalone doctrine that prohibits a district court from revisiting all counts when such resentencing is otherwise permissible under the mandate. Second, although the fact that a sentence is imposed "consecutively" might weigh in favor of a determination that it is "unrelated" to the other sentences, it is not dispositive to the analysis. *See e.g.*, *United States v. Hernandez*, 116 F.3d 725, 727–28 (5th Cir. 1997). Further, the removal of the armed career criminal enhancement and vacatur of Counts 1 and 2 required a new Guidelines calculation. The subsequent Guidelines imposed a new career offender enhancement and suggested that the enhanced sentence be allocated across all three counts. Therefore, the district court did not err in resentencing Pierre on Count 3. *Cf. United States v. Reece*, 938 F.3d 630, 636 (5th Cir. 2019) (remanding for resentencing on counts not at issue because the vacated count had allowed for an enhanced sentence on the other offenses).

No. 23-30645

### III.    Conclusion

For the reasons set forth above, we AFFIRM the judgment of the district court.