## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50379

United States Court of Appeals
Fifth Circuit

**FILED**
February 5, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MILO EADEN,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas

Before JOLLY, JONES, and DENNIS, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

The question of first impression presented in this sentencing appeal concerns the effect of a defendant's possession of ammunition alone, as opposed to a firearm, during a drug trafficking offense. Milo Eaden appeals his four-level sentencing enhancement pursuant to U.S.S.G. § 2k2.1(b)(6)(B) for using or possessing ammunition in connection with another felony offense. Eaden argues that he did not possess the ammunition "in connection with" his felony drug trafficking activities. For the reasons that follow, we hold that the district court clearly erred in imposing the enhancement under these facts. We therefore vacate Mr. Eaden's sentence and remand for resentencing.

No. 18-50379

I.

Police officers executed a search warrant of Eaden's home after making a controlled purchase of crack cocaine from Eaden at his residence. During their search, the officers found 5.5 grams of crack cocaine and 19 rounds of ammunition. No firearm was found on Eaden's person or in his home. The ammunition was "easily accessible and *stored* in close proximity to" the cocaine. These words are the only description of how the ammunition was connected to the drug transaction. The record certainly does not indicate that the ammunition was in plain sight during the controlled purchase. Eaden actually claimed that he found the ammunition in the dumpster behind his house months earlier and brought it home. Eaden had previously been convicted, in 2003, of delivering cocaine in violation of Texas law and had been sentenced to ten years in Texas prison for this felony offense. As to the present offense, Eaden was charged in federal court with possession of ammunition as a felon and he pleaded guilty to this charge. We are now only concerned with his sentence as enhanced by his possession of the ammunition.

The Presentence Report (PSR) assigned a base offense level of fourteen, added a four-level enhancement pursuant to U.S.S.G. § 2k2.1(b)(6)(B)[1] for using or possessing the ammunition in connection with another felony offense, and reduced by three levels for acceptance of responsibility, bringing his total offense level to fifteen. Eaden objected to the four-level enhancement, arguing that his possession of ammunition was not connected with his drug trafficking because the ammunition did not facilitate or have the potential to facilitate the

---

[1] U.S.S.G. § 2k2.1(b)(6)(B) reads in relevant part: "If the defendant . . . used or possessed any firearm or ammunition in connection with another felony offense; . . . increase by 4 levels."

No. 18-50379

drug trafficking offense nor was the possession of the ammunition and drug trafficking part of a common scheme or plan.

Noting the lack of Fifth Circuit precedent on this point, the PSR rejected Eaden's objections by relying on the text of § 2k2.1(b)(6)(B), the provision's application note, and the Sixth Circuit's opinion in *United States v. Coleman*, 627 F.3d 205 (6th Cir. 2010). Following *Coleman*, the PSR extended the Sixth Circuit's "fortress theory"—which traditionally applies only to firearms—to situations where only ammunition is present. Thus, the PSR found that, because the ammunition "potentially emboldened Eaden in the knowledge that he was one step closer to having a fully-loaded firearm to protect himself and his illegal drugs, and the ammunition potentially served as notice to potential buyers that he was one step closer to having a fully-loaded firearm," the possession alone was connected with the drug trafficking offense.

The PSR maintained its recommended final offense level of fifteen which, coupled with Eaden's criminal history category of II, resulted in an advisory guidelines range of twenty-one to twenty-seven months of imprisonment. Had the PSR sustained Eaden's objection to the four-level enhancement, his total offense level would have been eleven, carrying a guidelines range of ten to sixteen months.

At his sentencing hearing, Eaden objected to the PSR's imposition of the four-level enhancement for substantially the same reasons—possessing ammunition alone does not facilitate drug trafficking absent possession of a firearm. The government responded by resting on the PSR's reasoning and had "no additional information it can provide." The district court overruled Eaden's objection because it found that his possession of the ammunition was "part of the same course of conduct or common scheme or plan as the defendant's possession of the ammunition facilitated or had the potential to

3

No. 18-50379

facilitate his drug trafficking crime offense." Eaden now appeals the district court's application of § 2k2.1(b)(6)(B)'s four-level enhancement.

## II.

On appeal, Eaden argues that the district court erred in holding that his possession of ammunition was "in connection with" his drug trafficking activities. Although the application notes to the Guidelines provide for a presumption of facilitation when a firearm is possessed in close proximity to a drug trafficking offense, Eaden contends that the presumption should not apply here because his possession of ammunition alone does not have the potential to facilitate trafficking activities. The government argues that we should adopt the Sixth Circuit's conclusion in *Coleman* and effectively hold that the possession of ammunition alone creates a presumption that it facilitates or potentially facilitates felony drug trafficking. The government argues that the ammunition brought Eaden "one step closer to possessing a fully-loaded firearm." The government also argues that the ammunition facilitated the drug trafficking by serving to intimidate potential threats to his trafficking operation. Both parties acknowledge that we are presented with a question of first impression in this circuit.

## III.

This court reviews a district court's interpretation or application of the guidelines de novo and its factual findings for clear error. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). The district court's determination of the relationship between ammunition and another offense is most usually a factual finding. *See United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010). "A factual finding is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.*

No. 18-50379

This appeal presents three questions that we must address. First, whether possession of ammunition alone can facilitate drug trafficking for purposes of U.S.S.G. § 2k2.1(b)(6)(B), a question of first impression in this circuit. Second, whether there is a presumption that the possession of ammunition alone facilitates a drug trafficking offense for purposes of U.S.S.G. § 2k2.1(b)(6)(B), again, a question of first impression in this circuit. Third, in the light of our answer to the first two questions, whether the four-level enhancement was properly applied to Eaden.

A.

We first determine if U.S.S.G. § 2k2.1(b)(6)(B)'s four-level enhancement can be applied to a defendant who possessed only ammunition. Section 2k2.1(b)(6)(B) provides for a four-level enhancement if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." Application Note 14(A) provides that the term "in connection with" mandates that "the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense."

We hold that possession of ammunition alone, under appropriate circumstances not present in this case, certainly may be sufficient for the four-level enhancement. By using the disjunctive "or," the guidelines plainly read to allow for the enhancement when the defendant possesses a loaded gun, an unloaded gun, or ammunition alone. That much is clear: ammunition alone can facilitate a drug offense. The more nuanced question will be under what circumstances and, absent a presumption, this question necessarily must be decided on a case by case basis.

B.

We now turn to the second question of first impression for this court: whether, as is true with a firearm, there is a presumption of facilitation when ammunition alone is present at the time of the drug trafficking offense; or

5

whether the district court must make an affirmative finding that Eaden's ammunition facilitated his drug trafficking offense.[2]

In the context of drug offenses, facilitation can be presumed when (1) a firearm was possessed (2) in close proximity to contraband during a drug trafficking offense. *See, e.g.*, *United States v. Anderson*, 559 F.3d 348, 358 (5th Cir. 2009) ("When a loaded firearm is found in close physical proximity to narcotics, readily available to the defendant, a connection will usually be found."). However, this presumption is only available when both conditions are present—a *firearm* and a *trafficking* offense. This common sense rule is supported by the text of § 2k2.1(b)(6)(B), its Application Note, and our holding in *United States v. Jeffries*, 587 F.3d 690 (5th Cir. 2009).

The text of § 2k2.1(b)(6)(B) states that the enhancement applies when the defendant (1) "used or possessed any firearm or ammunition" (2) "in connection with another felony offense." As noted above, Application Note 14(A) clarifies that "in connection with" means "facilitated, or had the potential of facilitating." Therefore, for the enhancement to apply, the government must show evidence of both (1) possession of a firearm or ammunition and (2) that the firearm or ammunition facilitated or had the potential to facilitate the other offense. Application Note 14(B) instructs us, however, that "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs . . . application of subsection[] (b)(6)(B) is warranted because the presence of a firearm has the potential of facilitating another felony offense." Application Note 14(B)—addressed specifically to the drug trafficking

---

[2] In this circuit, there is a presumption of facilitation when the defendant possesses a firearm during a drug trafficking offense and no presumption of facilitation when the defendant possesses a firearm along with only user amounts of narcotics. *See United States v. Jeffries*, 587 F.3d 690, 692–93 (5th Cir. 2009). Here we address a third situation—when the defendant possesses ammunition and no gun during a drug trafficking offense—and hold that there is no presumption.

No. 18-50379

context—states only that "the presence of the *firearm*" inherently "has the potential of facilitating" and makes no reference to *ammunition*.[3]  We see no reason in the text of the Guideline, or its explanatory notes, to expand this presumption beyond possession of a firearm during a drug trafficking offense.

The correctness of this holding is illustrated by our reasoning in *Jeffries*. There we considered whether the enhancement presumptively applied to a defendant who possessed a firearm during a drug possession offense.  We noted that Application Note 14(B) instructs courts to apply the enhancement "automatically" when a "firearm is found in close proximity to drugs" during a trafficking offense but when drug trafficking is not present, "no presumption is made."  587 F.3d at 692–93.  Therefore, the *Jeffries* court declined to extend Application Note 14(B)'s presumption of facilitation to a nontrafficking offense. *See id.* at 694 ("[T]he nexus cannot simply be presumed, as appears to have been the case here.").   Here, similarly, we see no rationale to extend the presumption of facilitation to situations in which there is a drug transaction but no firearm—only ammunition.   The text of Application Note 14(B) is limited—it only applies when both trafficking and a firearm are present. Eaden did not possess a firearm during his drug trafficking offense and, as in *Jeffries*, we see no reason to judicially expand the scope of Application Note 14(B)'s presumption of facilitation.

## C.

Thus far we have held, first, that the possession of ammunition alone may be connected with a drug trafficking offense, qualifying a defendant for the four-level sentencing enhancement; and second, that there is no

---

[3] The omission of the term "ammunition" is particularly important considering that Application Note 14(A)—directly preceding Note 14(B) and containing no presumption—uses the term "firearm or ammunition," indicating that the drafters purposefully excluded ammunition from Note 14(B)'s presumption of facilitation.

presumption of facilitation regarding the possession of only ammunition. Now we apply these principles to this case.

Stripped of a presumption of facilitation, the government must present facts or circumstances demonstrating that the possession of ammunition facilitated or had the potential to facilitate the other offense.[4] *See Jeffries*, 587 F.3d at 692, 694–95 & n.9 (the "specific facts of th[e] case" must demonstrate that the firearm or ammunition in question "emboldened" the offense or served to "protect" contraband to satisfy the "critical step" of establishing a "nexus between the firearm possession and the drug possession").[5] Ammunition has the potential to facilitate a trafficking operation when it is displayed or brandished in a manner that has the potential to embolden the trafficker and protect his operation by implying that he has a gun, thereby deterring buyers, co-conspirators, or competitors from taking adverse action.

For ammunition to have such a deterrent effect to potential threats, it would, *inter alia*, be necessary that it be in plain sight to purchasers or others

---

[4] Indeed, in its brief, the government purports to agree in principle, saying:

> When the defendant possesses a *firearm* in close proximity to drugs, there is a presumption that the firearm has the potential to facilitate his drug trafficking offense. USSG § 2K2.1 (n.14(B)). This presumption likely does not apply when the defendant possesses only ammunition, in which case the district court must make an affirmative finding that the ammunition facilitated the drug trafficking offense. *See United States v. Jeffries*, 587 F.3d 690, 694 (5th Cir. 2009).

[5] Despite conceding that there is no presumption of facilitation for ammunition alone, the government spends much of its brief arguing that this court should adopt the Sixth Circuit's rationale in *United States v. Coleman*, 627 F.3d 205 (6th Cir. 2010). There, the court held that possession of ammunition alone facilitated a drug trafficking offense because the ammunition "emboldened" the defendant "in the knowledge that he was one step closer to having a fully-loaded firearm to protect himself and his illegal drugs." *Id.* at 212. This rationale establishes the functional equivalent of the presumption we have rejected above and we respectfully decline to import it into this circuit's jurisprudence. *See id.* at 216 (Gillman, J. concurring in part and dissenting in part) ("Many things could in theory put a person 'one step closer' to having a firearm, such as applying for a firearms permit, having a holster, possessing a laser scope, or earning money to be able to purchase a weapon.").

involved in the trafficking.  Turning to the facts of the present case, the PSR indicates that its only item of evidence to show facilitation is that the ammunition was "easily accessible and *stored* in close proximity to the illegal drugs."  The record does not demonstrate that the ammunition was kept in plain sight, either during the controlled purchase or at any other time.  In short, the government has pointed to no facts or circumstances that indicate that Eaden possessed the ammunition "in connection with" his drug trafficking offense.

## IV.

To sum up: we have held that possession of ammunition alone may, under appropriate circumstances, be sufficient to show facilitation for purposes of § 2k2.1(b)(6)(B)'s four-level enhancement.  But we have further held that possession of ammunition alone does not enjoy a presumption that it was connected with a drug trafficking offense.  In this context, to demonstrate facilitation, the government must adduce facts tending to show that the ammunition facilitated or had the potential to facilitate the drug trafficking offense.  We have respectfully declined to adopt the Sixth Circuit's path to showing facilitation set out in *Coleman* for the reasons stated above.  Because we find that the record here shows that the government produced no facts tending to show that Eaden's mere possession of ammunition alone was connected with his drug trafficking activities, the application of § 2k2.1(b)(6)(B)'s four-level enhancement was clear error.  Accordingly, we VACATE the district court's sentence and REMAND for resentencing not inconsistent with this opinion.

VACATED AND REMANDED.