# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-40625

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Juan David Cisneros,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:23-CR-67-1

———————————————————

Before Graves, Higginson, and Wilson, *Circuit Judges*.

Per Curiam:

Juan David Cisneros appeals his conviction and sentence for possessing ammunition after having been convicted of a felony. For the reasons that follow, we AFFIRM his conviction but VACATE his sentence and REMAND for resentencing.

I

A

In January 2023, the Webb County Sheriff's Office, the Drug Enforcement Administration, and the Federal Bureau of Investigation

executed a search warrant at the two-story house where Cisneros was living with numerous family members. The search resulted from an ongoing narcotics investigation during which a confidential informant had purchased a usable amount of cocaine from Cisneros on two separate occasions in December. Cisneros resided on the second floor of the house, which consisted of at least two bedrooms and could only be accessed by an external stairwell. The rest of his family resided on the first floor.

One of the two bedrooms on the second floor was Cisneros's bedroom, in which law enforcement found 94 rounds of 5.56-millimeter ammunition and 4 rounds of .223 caliber ammunition. Cisneros told law enforcement that his mother-in-law had purchased the ammunition and that he had last used it in July 2022 when he shot a 5.56-millimeter rifle at his cousin's ranch on his birthday. According to Cisneros, he had sold the rifle sometime thereafter. In the bedroom next to Cisneros's, law enforcement recovered multiple items consistent with drug distribution: several plastic sandwich bag corners, a small scale, spoons, cutting agents, and a tray containing a white powdery residue. The search did not yield any drugs or any firearms attributable to Cisneros.[1]

B

Cisneros was charged with possessing ammunition while being a convicted felon in violation of 18 U.S.C. § 922(g)(1). He moved to dismiss the indictment on the grounds that (1) § 922(g)(1) is facially unconstitutional in light of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and

---

[1] Law enforcement did find a 9-millimeter pistol and associated ammunition in a drawer of a nightstand in a first-floor bedroom. Cisneros's brother Daniel claimed ownership of the firearm, which was corroborated by the presence of Daniel's wallet containing his driver's license next to the firearm. Cisneros and Daniel both denied that Cisneros had ever touched the firearm.

No. 23-40625

(2) § 922(g)(1) exceeds Congress's power to regulate under the Commerce Clause. The district court denied the motion. Cisneros pleaded guilty without a plea agreement but reserved the right to challenge his conviction under the Second Amendment.

In the Presentence Investigation Report ("PSR"), the Probation Office calculated a Sentencing Guidelines range of 92 to 115 months, based on a total offense level of 24 and a criminal history category of V. The total offense level included a four-level enhancement under U.S.S.G. § 2K1.2(b)(6)(B) for the "use[] or possess[ion of] any firearm or ammunition in connection with another felony offense," namely the sale of narcotics. Neither Cisneros nor the government objected to the PSR, and the district court adopted the PSR at the sentencing hearing. The court sentenced Cisneros to ninety-six months of imprisonment, followed by three years of supervised release. Cisneros timely appealed, FED. R. APP. P. 4(b)(1)(A), (b)(2), and we have jurisdiction over this appeal under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

II

Cisneros appeals his conviction and sentence. He contends (1) that his conviction under 18 U.S.C. § 922(g)(1) violates the Second Amendment in light of *Bruen*; (2) that § 922(g)(1) exceeds Congress's power to regulate under the Commerce Clause; and (3) that the district court plainly erred by applying an enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possession of ammunition in connection with drug trafficking activity. Because Cisneros correctly concedes that his Commerce Clause argument is foreclosed by binding precedent, *see United States v. Alcantar*, 733 F.3d 143, 145–46 (5th Cir. 2013), we need not discuss it further.

No. 23-40625

A

We turn first to Cisneros's Second Amendment challenge. Before the district court and in his opening brief on appeal, Cisneros presented only a facial challenge to the constitutionality of § 922(g)(1) under the Second Amendment. In his reply brief before this court, Cisneros added an as-applied challenge, seemingly prompted by the government's argument in its opposition brief. However, while Cisneros adequately raised a facial challenge to § 922(g)(1) in the district court, his objection was not "sufficiently specific to alert the district court" to his assertion that § 922(g)(1) is unconstitutional as applied to him in particular. *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009. We ordinarily do not reach issues that are raised for the first time in a reply brief. *United States v. Davis*, 602 F.3d 643, 648 n.7 (5th Cir. 2010). But even if Cisneros had preserved his as-applied challenge, his argument would be unavailing for the reasons discussed below. *See, e.g.*, *United States v. Brune*, 991 F.3d 652, 661 n.28 (5th Cir. 2021). We review Cisneros's preserved facial challenge de novo, while we review his unpreserved as-applied challenge only for plain error. *United States v. Howard*, 766 F.3d 414, 419 (5th Cir. 2014).

The Second Amendment provides that, "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend. II. The relevant portion of § 922(g)(1) makes it unlawful for any person "who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition." 18 U.S.C. § 922(g)(1). In *Bruen*, the Supreme Court set forth a test for assessing the constitutionality of a statute under the Second Amendment. 597 U.S. at 15–19, 22–25. Under that test, if "the Second Amendment's plain text covers an individual's conduct, the Constitution

4

presumptively protects that conduct," and "[t]he government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation."[2] *Id.* at 24.

This court addressed preserved facial and as-applied *Bruen* challenges to § 922(g)(1) in *United States v. Diaz*, 116 F.4th 458 (5th Cir. 2024). Reviewing Diaz's challenges to § 922(g)(1) de novo, we held that although the Second Amendment's plain text covers the conduct prohibited by the statute, the Government had met its burden to demonstrate that disarming a person with Diaz's criminal history of theft of a vehicle was consistent with historical tradition. *Diaz*, 116 F.4th at 466–72. The court thus held that § 922(g)(1) was constitutional as applied to Diaz and, by extension, that § 922(g)(1) is facially constitutional because Diaz could not "establish that no set of circumstances exists under which the statute would be valid." *Id.* at 471–72 (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)). Cisneros's facial challenge to § 922(g)(1) is therefore foreclosed by *Diaz*.

Cisneros's unpreserved as-applied challenge fares no better. Our court has rejected Second Amendment challenges to § 922(g)(1) based on *Bruen* on plain error review, noting that the law remains unsettled and concluding that any error is not clear or obvious under the contours of the *Bruen* test because there is no binding precedent holding § 922(g)(1) to be unconstitutional and because it is unclear that *Bruen* dictates such a result. *See, e.g.*, *United States v. Wilson*, 111 F.4th 567, 570 (5th Cir. 2024); *United States v. Jones*, 88 F.4th 571, 573–74 (5th Cir. 2023), *cert. denied*, 144 S. Ct.

---

[2] Cisneros's brief consequently raises a threshold issue—whether the Second Amendment safeguards the possession of ammunition in addition to firearms. The parties, relying on cases from other circuits and the necessary relationship between ammunition and functional firearms, agree that the Second Amendment extends to the possession of ammunition. However, we decline to address this issue because, even if the parties are correct, Cisneros's arguments are unavailing for the reasons set out below.

1081 (2024); *see also Diaz*, 116 F.4th at 466–72 (rejecting a preserved as-applied challenge to § 922(g)(1) where the prior felony conviction was for vehicle theft); *United States v. Cameron*, 99 F.4th 432, 435–36 (8th Cir. 2024) (rejecting unpreserved as-applied challenge to conviction under § 922(g)(1) for being a felon in possession of ammunition), *cert. denied*, No. 24-5151, 2024 WL 4427387 (U.S. Oct. 7, 2024).  Cisneros cites no published authority, nor have we found any, holding § 922(g)(1) unconstitutional in light of *Bruen* as applied to the possession of ammunition by felons whose prior convictions are drug felonies.  A "lack of binding authority is often dispositive in the plain-error context." *United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015).  Because Cisneros's argument would "require the extension of existing precedent," he "cannot meet the plain error standard" with respect to his as-applied challenge to § 922(g)(1). *Jones*, 88 F.4th at 574.

Accordingly, we affirm Cisneros's conviction under § 922(g)(1).

B

With respect to his sentence, Cisneros argues that the district court plainly erred by applying an enhancement under § 2K2.1(b)(6)(B) for possessing ammunition in connection with another felony offense.  As he concedes, Cisneros raises this issue for the first time on appeal.  Because Cisneros failed to preserve this challenge through a contemporaneous objection to the district court's Guidelines calculation, we review for plain error. *See Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016).  To show plain error, Cisneros must identify (1) a forfeited error (2) that is clear or obvious, rather than subject to reasonable dispute, and (3) that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he satisfies the first three requirements, we may, in our discretion, remedy the error if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (cleaned up).  A district court

commits "significant procedural error" when it improperly calculates the appropriate Guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007).

Section 2K2.1(b)(6)(B) provides, in relevant part, that a defendant's offense level should be increased by four levels if the defendant "used or possessed any firearm or ammunition in connection with another felony offense."[3] U.S.S.G. § 2K2.1(b)(6)(B) (2018). For § 2K2.1(b)(6)(B) to apply, the "the firearm or ammunition [must have] facilitated, or had the potential of facilitating, another felony offense." *Id.* § 2K2.1 cmt. n.14(A). Application Note 14(B) further states that the enhancement is warranted "in the case of a drug trafficking offense in which a *firearm* is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia" because "the presence of the firearm has the potential of facilitating another felony offense." *Id.* § 2K2.1 cmt. n.14(B) (emphasis added).

Relying on *United States v. Eaden*, 914 F.3d 1004 (5th Cir. 2019), Cisneros argues that this "conclusive presumption" of facilitation based on proximity does not apply where, as here, the defendant is found in possession of ammunition but no firearm. Cisneros contends that the district court's application of § 2K2.1(b)(6)(B) was therefore error because the record is devoid of evidence that Cisneros's possession of the ammunition found in his bedroom facilitated or had the potential to facilitate felony drug crimes. The Government counters that the type of ammunition found in Cisneros's bedroom is typically discharged from AR-style assault rifles and, therefore, that the district court could have concluded that Cisneros used the

_____

[3] "Another felony offense" is defined as "any federal, state, or local offense . . . punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1 cmt. n.14(C) (2018). Cisneros does not challenge the PSR's finding that the relevant other offense—drug trafficking—would qualify as a "felony offense."

ammunition to "court[] the impression that an assault rifle was nearby." The Government attempts to distinguish *Eaden* on the basis that it was a preserved-error case demanding a less onerous burden for demonstrating reversible error.

In *Eaden*, police executed a search warrant on Eaden's home after making a controlled purchase of crack cocaine from Eaden at his residence. 914 F.3d at 1006. In Eaden's residence, police discovered 5.5 grams of cocaine base and 19 rounds of ammunition, *id.*, which was "easily accessible and *stored* in close proximity to the illegal drugs," *id.* at 1010 (emphasis in original). However, there was no evidence that "the ammunition was kept in plain sight, either during the controlled purchase or at any other time." *Id.* at 1010. Eaden eventually pleaded guilty to possessing ammunition as a felon but objected to the application of the four-level enhancement under § 2K2.1(b)(6)(B). *Id.* at 1006–07.

Although our court concluded that "possession of ammunition alone [without a firearm], under appropriate circumstances . . . certainly may be sufficient for the four-level enhancement," *id.* at 1008, we further held that the "text of Application Note 14(B) is limited—it only applies when both trafficking and a firearm are present," *id.* at 1009. The court held that to demonstrate facilitation where the offense involves only ammunition, "the government must adduce facts tending to show that the ammunition facilitated or had the potential to facilitate the drug trafficking offense." *Id.* at 1010. "Ammunition has the potential to facilitate a trafficking operation when it is displayed or brandished in a manner that has the potential to embolden the trafficker and protect his operation by implying that he has a gun, thereby deterring buyers, co-conspirators, or competitors from taking adverse action." *Id.* at 1009. "For ammunition to have such a deterrent effect to potential threats, it would, *inter alia*, be necessary that it be in plain sight to purchasers or others involved in the trafficking." *Id.* Ammunition

that is merely stored in close proximity to drugs or drug paraphernalia, even if easily accessible, does not sufficiently facilitate a drug trafficking offense for purposes of § 2K2.1(b)(6)(B).[4] *Id.* at 1010.

Concluding that the district court had clearly erred by applying § 2K2.1(b)(6)(B), we vacated Eaden's sentence. *Id.* at 1009–10. The court reasoned that the record failed to "demonstrate that the ammunition was kept in plain sight, either during the controlled purchase or at any other time" and that the government had "pointed to no facts or circumstances that indicate that Eaden possessed the ammunition 'in connection with' his drug trafficking offense." *Id.* at 1010. That the ammunition was stored in close proximity to, and was easily accessible from, the crack cocaine also found in Eaden's residence was insufficient to support the enhancement. *Id.*

Based on *Eaden*'s holding and the undisputed facts before us, Cisneros has shown sentencing error. Apparently, all participants—the government, defense counsel, the Probation Office—failed to identify our *Eaden* case in the district court. As in *Eaden*, there is no evidence that the ammunition found in Cisneros's bedroom was ever plainly visible from any location where drug transactions occurred; the record does not establish that any drug transaction took place in Cisneros's residence, let alone in his bedroom. And unlike in *Eaden*, no quantifiable amount of actual drugs was recovered from the residence. That the ammunition may have been proximal to and easily accessible from the drug paraphernalia found elsewhere in Cisneros's residence does not suffice. *See id.* at 1010. Given its materially

---

[4] Our court acknowledged in *Eaden* that our decision conflicted with the Sixth Circuit's application of § 2K2.1(b)(6)(B) in *United States v. Coleman*, 627 F.3d 205 (6th Cir. 2010). *Eaden*, 914 F.3d at 1009. We now further note that the First Circuit last year agreed with our interpretation of this Guidelines provision in *United States v. Nieves-Díaz*, 99 F.4th 1, 8 (1st Cir.), *cert. denied*, 145 S. Ct. 307 (2024) (Mem.).

indistinguishable facts, *Eaden* "plainly dictate[s]" a finding of error here. *United States v. Sanches*, 86 F.4th 680, 686 (5th Cir. 2023) (quoting *Wallace v. Mississippi*, 43 F.4th 482, 500 (5th Cir. 2022)). The district court's sentencing error was thus clear or obvious. *See Puckett*, 556 U.S. at 135.

The district court's plain error also affected Cisneros's substantial rights because he has shown a reasonable probability that but for the error, he would have received a lesser sentence. *See United States v. Johnson*, 907 F.3d 304, 305 (5th Cir. 2018). Absent the four-level enhancement of § 2K2.1(b)(6)(B), Cisneros's Guidelines range would have been 63 to 78 months, well below the range of 92 to 115 months within which he was sentenced. "When a defendant is sentenced under an incorrect Guidelines range[,] . . . the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Molina-Martinez*, 578 U.S. at 198. A district court's use of an incorrect Guidelines range affects a defendant's substantial rights if, "[a]t the very least, the district court's explanation did not make clear that the district court based the sentence it selected on factors independent of the Guidelines." *United States v. Wikkerink*, 841 F.3d 327, 338 (5th Cir. 2016).

Here, the district court explicitly tied the sentence imposed to the Guidelines range. The court explained that "with a range of 92 to 115 months . . . an appropriate sentence is 96 months," noting that Cisneros's sentence "is not at the bottom end of the Guideline range, but it's close." The court did not indicate that the sentence was based on factors independent of the Guidelines, notwithstanding its statement that Cisneros's sentence was "deservedly long." Given the above, Cisneros has demonstrated a reasonable probability that he would have received a lower sentence absent the erroneous application of § 2K2.1(b)(6)(B). *See Johnson*, 907 F.3d at 305.

No. 23-40625

Finally, turning to the fourth plain-error prong, a case presents exceptional circumstances warranting fourth-prong relief where plain sentencing error is "reasonably likely to have resulted in a longer prison sentence than necessary and there are no countervailing factors that otherwise further the fairness, integrity, or public reputation of judicial proceedings." *Rosales-Mireles v. United States*, 585 U.S. 129, 143 (2018). "In the ordinary case[,] . . . the failure to correct a plain Guidelines error that affects a defendant's substantial rights will seriously affect the fairness, integrity, and public reputation of judicial proceedings." *Id.* at 145. We conclude that the instant case is such an "ordinary case." *Id.* Accordingly, we exercise our discretion to vacate Cisneros's sentence.

## III

For the foregoing reasons, we AFFIRM Cisneros's conviction, VACATE his sentence, and REMAND for resentencing not inconsistent with this opinion.