# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 15, 2025

Lyle W. Cayce
Clerk

No. 24-10764
Summary Calendar

Ｕｎｉｔｅｄ Ｓｔａｔｅｓ ｏｆ Ａｍｅｒｉｃａ,

*Plaintiff—Appellee*,

*versus*

Ｋｅｎｄｒｉｃｋ Ｊａｒｒｅｌｌ Ｂｅａｉｒｄ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CR-28-1

Before Ｒｉｃｈｍａｎ, Ｇｒａｖｅｓ, and Ｄｏｕｇｌａｓ, *Circuit Judges*.

Ｐｅｒ Ｃｕｒｉａｍ:*

Kendrick Jarrell Beaird pleaded guilty to possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 72 months of imprisonment and three years of supervised release. He now appeals his conviction on various grounds. The Government has filed an

---

* This opinion is not designated for publication. *See* 5ᴛʜ Ｃɪʀ. R. 47.5.

opposed motion for summary affirmance or, alternatively, for an extension of time in which to file a brief.

First, Beaird cannot show on plain error review that § 922(g)(1) is unconstitutional as applied to him because he was previously convicted of a felony. *See United States v. Cisneros*, 130 F.4th 472, 477 (5th Cir. 2025) (per curiam). His alternative request that we should remand this case for the district court to reconsider this question in light of *United States v. Rahimi*, 602 U.S. 680 (2024), and *United States v. Diaz*, 116 F.4th 458 (5th Cir. 2024), *petition for cert. filed* (U.S. Feb. 18, 2025) (No. 24-6625), is therefore denied. *See Cisneros*, 130 F.4th at 477.

Second, Beaird correctly recognizes that his facial challenge to § 922(g)(1) is foreclosed by *Diaz*, 116 F.4th at 471-72. *See Cisneros*, 130 F.4th at 477. Next, Beaird's arguments that § 922(g)(1) is unconstitutional under the Commerce Clause are foreclosed. *See United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013); *United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020).

Fourth, Beaird rightly concedes that his argument that the district court erred in relying on the Guidelines commentary to conclude that a 17-round magazine qualified as a "large capacity magazine" for the purposes of the enhancement under U.S.S.G. § 2K2.1(a)(3) is foreclosed. *See United States v. Martin*, 119 F.4th 410, 414-15 (5th Cir. 2024), *cert. denied*, ___U.S.___, 2025 WL 889259 (2025). Finally, Beaird is correct that his argument that the district court erred in finding that Texas aggravated assault was a crime of violence under U.S.S.G. § 2K2.1(a)(3) is foreclosed. *See United States v. Guillen-Alvarez*, 489 F.3d 197, 199-201 (5th Cir. 2007); *United States v. Shepherd*, 848 F.3d 425, 427-28 (5th Cir. 2017).

No. 24-10764

Accordingly, the Government's motions for summary affirmance and for an extension of time to file a brief are DENIED, and the judgment of the district court is AFFIRMED.