# United States Court of Appeals for the Fifth Circuit

_____

No. 24-50695
CONSOLIDATED WITH
No. 24-50698

_____

United States Court of Appeals
Fifth Circuit

**FILED**
July 3, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JERRY OTIS MOORE,

*Defendant—Appellant*.

_____

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 7:24-CR-11-1, 7:13-CR-276-2

_____

Before WIENER, HO, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

In these consolidated appeals, Jerry Otis Moore challenges the procedural and substantive reasonableness of the 120-month, above guidelines range sentence for possessing a firearm after a felony conviction; the constitutionality, both facially and as applied to him, of the statute of conviction, 18 U.S.C. § 922(g)(1); and the substantive reasonableness of the

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

36-month, above policy statement range sentences imposed upon the revocation of his supervised release. We affirm.

Moore contends that the district court committed procedural sentencing error by relying on unreliable witness statements and the results of an inadequate police investigation of the events underlying his arrest as well as his connection to the Aryan Brotherhood to impose a non-guidelines sentence. Because Moore did not make an adequate procedural objection to his sentence in the district court, we review the procedural reasonableness of his sentence for plain error. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 806 (5th Cir. 2008); *see generally Puckett v. United States*, 556 U.S. 129, 135 (2009). Moore fails to engage with the plain error test and, as such, fails to meet his burden of demonstrating that all four plain error prongs are met. *See United States v. Lavalais*, 960 F.3d 180, 186 (5th Cir. 2020); *United States v. Green*, 47 F.4th 279, 289 (5th Cir. 2022). In any event, the unobjected-to presentence report adequately supported the district court's determination of sentencing facts. *See United States v. Carey*, 589 F.3d 187, 196 (5th Cir. 2009).

Next, Moore asserts that his § 922(g)(1) sentence is substantively unreasonable. The bulk of Moore's substantive reasonableness argument is premised on his above argument that the district court committed procedural error in its underlying factfinding. As noted, Moore fails to show procedural sentencing error. Furthermore, the district court found that Moore merited a non-guidelines sentence largely due to his underrepresented criminal history and the facts of the incident underlying his § 922(g)(1) conviction, including that he was on supervised release at the time he committed the § 922(g)(1) offense. Given these facts, Moore fails to show that his 120-month sentence does not account for a § 3553(a) factor that should have received significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing the

sentencing factors. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006); *see also Gall v. United States*, 552 U.S. 38, 51 (2007).

We review for plain error Moore's argument that § 922(g)(1) violates the Second Amendment in light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), as he presents this argument for the first time on appeal. *See United States v. Cisneros*, 130 F.4th 472, 476 (5th Cir. 2025); *United States v. Sandlin*, 589 F.3d 749, 758 (5th Cir. 2009). Moore's contention that § 922(g)(1) is facially unconstitutional is foreclosed. *See United States v. Diaz*, 116 F.4th 459, 472 (5th Cir. 2024). So too is his as-applied challenge to § 922(g)(1) because he was serving a term of supervised release at the time he committed the instant offense. *See United States v. Giglio*, 126 F.4th 1039, 1043-46 (5th Cir. 2025); *United States v. Contreras*, 125 F.4th 725, 732-33 (5th Cir. 2025). Moore thus fails to show plain constitutional error. *See Puckett*, 556 U.S. at 135.

Finally, Moore asserts that his revocation sentence is substantively unreasonable because it was based on his allegedly unconstitutional § 922(g)(1) conviction. Because, as just discussed, Moore fails to show that § 922(g)(1) is unconstitutional either facially or as applied to him, his challenge to his revocation sentence on this basis is likewise unavailing. *See id.*

The judgments are AFFIRMED.