# United States Court of Appeals for the Fifth Circuit

---

No. 25-50109
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JESUS AARON RAMIREZ,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:24-CR-155-1

---

Before HIGGINBOTHAM, ENGELHARDT, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Jesus Aaron Ramirez pleaded guilty to possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Ramirez, within the recommended guidelines range, to 57 months of imprisonment, and imposed a three-year term of supervised release.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-50109

Ramirez argues that § 922(g)(1) is unconstitutional as applied in light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). Ramirez concedes that review is for plain error. *See United States v. Cisneros*, 130 F.4th 472, 476 (5th Cir. 2025). Because Ramirez does not cite any binding authority holding that his prior felony—delivery of a controlled substance in violation of Texas law—is not a viable § 922(g)(1) predicate in the wake of *Bruen*, he cannot show that any error in denying his motion to dismiss was clear or obvious. *See United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015); *United States v. Ceron*, 775 F.3d 222, 226 (5th Cir. 2014); *United States v. Kimble*, 142 F.4th 308, 309 (5th Cir. 2025), *petition for cert. filed* (U.S. Sept. 24, 2025) (No. 25-5747).

He also argues the reasons for his sentence were not explained adequately, and that the sentence is substantively unreasonable. *See United States v. Nguyen*, 854 F.3d 276, 280 (5th Cir. 2017); *Gall v. United States*, 552 U.S. 38, 50-51 (2007). A sentence imposed within a properly calculated guidelines range is presumptively reasonable. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). The district court explicitly considered the sentencing factors set forth in 18 U.S.C. § 3553(a), the mitigating factors presented at sentencing, and the nature and circumstances of the offense that created a dangerous risk to the community. Ramirez has not shown that the district court's explanation of the sentence was inadequate, *see Rita v. United States*, 551 U.S. 338, 356 (2007), nor has he rebutted the presumption of reasonableness that attached to his within-guidelines sentence, *see United States v. Douglas*, 957 F.3d 602, 609 (5th Cir. 2020).

No. 25-50109

For the first time in his reply brief, Ramirez makes the argument that consideration of high-capacity magazines to determine a sentence does not comport with *Bruen*. However, we do not consider claims "raised for the first time in a reply brief." *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

AFFIRMED.